BAKER *against* the Judges of Ulster Common Pleas.

SUDAM moved for a rule to show cause why a *mandamus* should not issue to compel the judges and justices of the court of common pleas, of *Ulster* county, to vacate a rule granted by them for discharging one *Daniel Ketchum*, jun. from a *ca. sa.* on the ground that he had been discharged under the insolvent act, on the same day that judgment was entered against him.

*Per Curiam.* As the judgment was contemporaneous with the discharge under the insolvent act, the defendant had no opportunity to plead his discharge. (2 *Caines*, 380. 1 *Johns. Cases*, 133.) He might have sought relief by an *audita querela;* but it is usual to grant the same relief on motion, and the rule of the court below was properly granted. The motion must be denied.

Rule refused.

*Where the defendant in a suit in the Common Pleas obtained his discharge under the insolvent act, on the same day that a judgment was rendered against him in that court, and being brought up on a ca. sa. the court discharged him, on motion, this court held the proceeding to be regular. A party entitled to relief by an audita querela, may be relieved on motion.*

ON the application of A. B. to be admitted as an attorney of this court, a certificate of C. D. one of the attornies of this court, was produced, which stated, that A. B. had studied in his office, (which was in a different place from that in which the attorney himself resided,) under his direction and advice, and as his clerk. KENT, Ch. J. said, that the certificate was not sufficient; that the clerk must be in the office under the personal direction of the attorney himself; and that the establishment of different offices, in different towns and counties by the same attorney, was an evasion of the law, and an imposition on the court.

*Attorney's certificate of clerkship.*