In the matter of DANIEL T. WENDELL.

THIS was a motion for mandamus to the Mayor's Court of the city of *Albany*, to require and command that Court to set aside a rule, setting aside a *fieri facias* issued out of that Court, in favour of *Thomas Trevor* against *Daniel T. Wendell*. It appeared that the judgment was rendered the 4th day of *December*, 1816, on a note given on the 8th of *October*, 1812; and that *Wendell* was discharged on the 19th of *June*, 1817, under the insolvent act of the 12th of *April*, 1813. (1 *R. L.* 460.) On the motion in the mayor's court, something was said as to the irregularity of issuing the execution without a *scire facias*, but it appeared that an execution had been issued within the year, and *nulla bona* returned thereon. The Recorder, in giving his opinion, did not place it on any irregularity. The amount of his opinion was, that when the original contract was entered into, the act of the 3d of *April*, 1801, being in force, by the repeal of the act of the 3d of *April*, 1811, and the act of 1801, authorising the discharge of an insolvent debtor, on the petition of three fourths in amount of all his creditors, the act of the 12th of *April*, 1813, which required two-thirds in amount of the creditors to petition for the discharge, was a continuation of the same system; and that the difference in amount between two-thirds required by the act of 1813, and three-fourths required by the act of 1801, was not so material an alteration of the law, as to invalidate the discharge.

SPENCER, Ch. J. delivered the opinion of the Court. If we are to consider *Wendell* as discharged under an insolvent act passed posterior to the contract he has made, then the principles adopted by the Supreme Court of the *United States*, in *Sturges* v. *Crowningshield*, are directly applicable; and any further discussion is precluded by the cases of *Mather* v. *Bush*, and *Roosevelt* v. *Cebra*. It does not become us to evade the decision in *Sturges* v. *Crowningshield*, by any subtleties or refinements; and unless there be a valid distinction between that case and this, we must give

*An insolvent debtor against whom a judgment was rendered in December, 1816, on a note given in October, 1812, was discharged in June, 1817, under the insolvent act of April, 1813, which required two-thirds of the creditors to petition for the discharge of the debtor: the act of the 3d of April, 1801, which required three-fourths of the creditors to petition, was, by the repeal of the insolvent act of the 3d of April, 1811, revived, and in force, in October, 1812, when the original contract was made: Held, that the difference between the two acts, (though parts of the same system, in regard to insolvent debtors,) was so material, that the insolvent could not be considered as discharged under the act of 1801, but under the act of 1813, passed subsequent to the time of making the contract, and, being, therefore, in this respect, unconstitutional, the discharge under it was void.*

NEW-YORK,  effect to the judgment of the Supreme Court of the *United*
May, 1821.  *States.* To say that an act which authorises the discharge of
FOOT       an insolvent from all his debts, and protects his future ac-
v.          quisitions from the reach of his creditors, upon the petition
SABIN.     of two-thirds in amount of his creditors, is the same in prin-
ciple, with an act attended with the like ·consequences
which requires the petition of three-fourths in amount of the
creditors, because the same forms of proceeding are adopt-
ed in both, appears to me unsound.   The position taken by
this Court, in *Mather* v. *Bush,* that if a contract be entered
into during the existence of an insolvent law,  the law becomes
part of the contract, and is in the view of the parties; and that,
therefore, it does not infringe the constitution of the *U. S.*
by impairing the obligation of such contract, if the debtor
becomes insolvent and is discharged under a law co-exist-
ing with the contract, cannot aid the debtor here ; for the
·act under which he was discharged, did not exist when the
contract was made.   The act of 1803, gave greater facility
to the discharge of the insolvent, than the act of 1801, by
permitting creditors, to a less amount of debts, to become
petitioners.   The difference may be very material in many
·cases, and we cannot say, that even in this case, the debtor
would have been discharged, but for the superior facility af-
forded him by the act of 1813.

Motion granted.