The Chief Justice
delivered the opinion of the court.
The declaration in this case is on a scire facias to revive a judgment of this court post annum et diem. Judgment by default was rendered against the defendant in the term of February, 1825; a writ of inquiry was executed in the following vacation, and final judgement was rendered in May term, 1825.
The defendant pleads specially for the protection of his person a discharge as an insolvent debtor by the Court of Common Pleas of the county of Sussex on the 22d day of February, 1825.
To this plea the plaintiff demurs, because the discharge should have been pleaded in the original suit.
As a general rule, a defendant is bound to plead his discharge, if obtained in season; and if obtained pendente lite, he may plead it puis darrein continuance. Valkenbergh v. Dederick, 1 John, cases, 133. If, however, the discharge is not obtained in season to be pleaded, the defendant shall be allowed the benefit of it, by motion or otherwise, according to the nature of the measure * taken against him or the proceeding from which he seeks relief. In Baker v. Judges of Ulster, 4 John. 191, the party obtained his discharge on the same day that judgment was rendered against him, and being taken on a ca. sa. he was, on motion, discharged by the court in which the judgment was given; and the discharge afterwards approved of by the Supreme Court, who said, as the judgment was contemporaneous with the discharge as an insolvent debtor, the defendant *176 had no opportunity to plead it. In Palmer v. Hutchins, 1 Cowen 42, the cause was noticed for trial on the 3d October, 1821, when a relicta and cognovit were given by the defendant, who on the 8th of the same month obtained his discharge under’ the insolvent act, and judgment was after-wards entered in the term of October. The defendant moved to set aside a ca. sa. on which he had. been arrested. The court granted the motion, saying they considered the relicta and cognovit as equivalent to a verdict for the present purpose; that after a verdict a plea puis darrein continuance cannot be pleaded, and the defendant had therefore no opportunity of pleading his discharge. In Baker v. Taylor, 1 Cowen 165, a verdict in assumpsit was rendered for the plaintiff in 1819; the rule for the judgment was not entered until May, 1823. In the intermediate time the defendant had obtained his discharge. The court said, the discharge was too late to admit of being pleaded puis darrein continuance. It could no more be done than if the judgment had been signed ; in which case the uniform practice is to discharge upon motion. A rule to stay the plaintiff perpetually from issuing a ca. sa. was made.
In the case before us the discharge was obtained in the Common Pleas of Sussex county on the 22d day of February, 1825. The judgment by default wras rendered in the term of February, 1825, and as the precise day is not given to us by the parties in the state of the case, it must be referred to the first day of the term which was the 22d day of February, 1825. The discharge and judgment being contemporaneous, the defendant had no opportunity to plead the discharge. Even a plea puis darrien continuance could not have been pleaded after the judgment in February, -although it was interlocutory only, and final judgment was not rendered until May. The defendant *has not therefore waived or relinquished the protection of the discharge. He is fully entitled to avail himself of it. He has hitherto had no opportunity. The *177 -discharge could not have been pleaded in the original suit. And as the plaintiff now seeks an execution against the defendant, the latter may lawfully use the first occasion afforded him to claim the benefit of the discharge by shewing that the execution to be issued should be against property only and not against the person.
The demurrer is, therefore, in my opinion, not to bo sustained. But the plaintiff, if ho thinks proper, ought to bo allowed to withdraw the demurrer and reply, or to take judgement specially on the plea.