## Kellogg, adm'r of Batchellor, vs. Schuyler.

A cause of action *in trespass* is not affected by a discharge in bankruptcy, even though a verdict had been rendered before the presentment of the petition to be declared a bankrupt.

A judgment rendered *after* the defendant had presented his petition to be declared a bankrupt is not affected by the bankrupt discharge subsequently obtained in that proceeding.

Scire facias. The writ suggested that at the October term of this court in 1842 Batchellor recovered judgment against the defendant for $2290,05 in a plea of trespass, and that on the 2d day of December following Batchellor died intestate, and that thereafter administration was granted to the plaintiff; and profert was made of the letters of administration. The defendant was summoned to shew cause why the plaintiff should not have execution against the defendant upon the recovery.

The defendant pleaded that the verdict in the action of Batchellor against him upon which the recovery mentioned in the *scire facias* was had, was rendered on the 9th day of September, 1842, and that judgment was entered on the 2d December thereafter, and that the defendant having become a bankrupt according to the true intent and meaning of the act of congress to establish an uniform system of bankruptcy, on the seventh day of November, 1842, presented a petition, &c. to the district court of the United States for the northern district of New-York, and was subsequently declared a bankrupt, and on the 10th day of April, 1843, received a final certificate and discharge from all his debts owing by him at the time of filing his petition aforesaid, a copy of which discharge is set forth in the plea. The statement of the foregoing facts was accompanied with the usual averments to shew jurisdiction in the district court, and concluded with a formal averment that the verdict was rendered before the presenting of the petition and that it was and is a debt proveable under the bankruptcy, and that the debt was not created in consequence of a defalcation as a public officer, &c. Verification.

The plaintiff replied, and the defendant demurred to the replication. Joinder. As the opinion of the court turned on the sufficiency of the plea, it is unnecessary to set forth the nature of the replication.

*H. Z. Hayner*, for the defendant.

*J. Pierson*, for the plaintiff.

PER CURIAM. A cause of action in trespass is not a debt within the contemplation of the bankrupt act, and is not affected by a bankrupt discharge. The fact that a verdict had been rendered does not alter the case. Until judgment rendered there is no debt which is reached by the discharge. This has been repeatedly held in the English courts, and these cases have been followed here.(a) When the petition was presented in this case there was a verdict, but no judgment, and the discharge operates only upon debts which existed at the time of presenting the petition.

But if the demand had been of a different character, the defendant would still be precluded from setting up his discharge. We have held that a judgment is an extinguishment of the prior indebtedness, and that where it is rendered after the time of presenting the petition, it is not affected by a discharge granted in the proceeding commenced by such petition.(b) We think the plea is bad.

Judgment for the plaintiff.

(a) See *Crouch* v. *Gridley*, (6 *Hill*. 250,) and cases cited.
(b) *Thompson* v. *Hewitt*, (6 *Hill*, 254.)   -