### Dresser *vs.* Brooks.

A defect in the form and manner of authentication of a certificate of discharge in bankruptcy, offered in evidence on the trial of a cause at the circuit, may be obviated by producing, upon the argument at bar, a certificate duly exemplified and authenticated.

The voluntary provisions of the bankrupt act of the United States, passed in 1841, are not unconstitutional.

In an action of debt upon judgment, the defendant, in his plea, set out his certificate and discharge as a bankrupt, *in hæc verba*, and then averred that the plaintiff's judgment was recovered before the discharge, upon a debt owing before and at the time of the presentation of the petition of the defendant, and which was provable under the bankrupt act, and was not created in a fiduciary capacity, and that by virtue of such discharge the defendant was discharged from said judgment and the debt upon which it was recovered, &c. To this plea the plaintiff replied that the defendant was not by the decree discharged from the plaintiff's judgment, and the debt upon which it was recovered, &c. *in manner and form as the defendant had alleged*, in his plea; and concluded to the country;

*Held*, that the replication denied the granting of the discharge in manner and form as pleaded, and that the only issue joined upon the plea was as to the granting of the discharge, and that the defendant, upon proof of the discharge and certificate, was entitled to a verdict upon that issue; and that neither the circuit judge nor the jury could pass upon, or decide, as to the effect to be given to the discharge.

*Held also*, that whether the plaintiff's debt was provable, under the act, was a mixed question of law and fact; and that whether it was discharged by the de-

fendant's certificate as a bankrupt, was a mere question of law, after the facts were ascertained, and was not traversable.

A replication to a plea of the defendant's discharge under the bankrupt act, averring fraud in obtaining the discharge, must specify the particular acts of the defendant which the plaintiff will give in evidence, and claim to be fraudulent.

The fact that a person applying to be discharged as a bankrupt concealed his relation as a copartner with another, and did not inventory nor give up to his creditors the interest, balance due, or assets belonging to him, or his creditors, on a settlement with his partner, without any proof that the bankrupt had any interest in any partnership assets, or that there was any thing due him, or that the concealment was wilful or fraudulent, does not amount to a fraud which will vitiate the discharge.

A discharge under the bankrupt act of 1841, may be pleaded in bar to an action upon a judgment founded on a debt existing when the bankrupt filed his petition, but which judgment was recovered before the discharge was granted, so that the defendant had no opportunity of pleading such discharge in the suit.

In such a case, where the judgment is founded on a note, bond, or other demand which was itself a *debt* when the defendant's petition in bankruptcy was filed, the original debt is not merged in, nor extinguished by, the judgment, so as to be exempt from the operation of a discharge afterwards granted. And the costs which are included in the judgment are accessorial to the debt, and are discharged with it.

Certain *dicta* of Bronson J. in *Crouch* v. *Gridley*, (6 *Hill*, 250,) *Thompson* v. *Hewitt*, (*Id.* 254,) and *Kellogg* v. *Snyder*, (3 *Denio*, 73,) to the contrary questioned.

The bankrupt act was remedial, and should receive a liberal interpretation—one that will advance and carry out, instead of defeating, the object of its framers.

THIS was an action of debt upon a judgment recovered in the supreme court, in an action of assumpsit, on the 28th of October, 1842. The suit in which the judgment was recovered was commenced on the 22d of July, 1842, and the issue joined therein was tried in October of the same year. The defendant in this action put in a plea setting up his discharge and certificate under the bankrupt act of the United States of August, 1841. The petition of the defendant, (it being a voluntary application,) to be decreed a bankrupt, was presented on the 27th of September, 1842, and the final discharge and certificate were granted February 6th, 1843. This cause was tried at the Oneida circuit, in September, 1845. Various objections were taken by the plaintiff to the admission of evidence offered by the defendant in support of his plea, and overruled by the circuit judge, and his decisions were excepted to by the plain-

Dresser v. Brooks.

tiff. The objections are mentioned in the opinion of ALLEN, J. The circuit judge instructed the jury that under the evidence before them the defendant was entitled to a verdict; and they found a verdict for him, accordingly. The plaintiff having filed a bill of exceptions, now moved for a new trial.

*W. M. Allen,* for the plaintiff.

*C. H. Doolittle,* for the defendant.

ALLEN, J. The first objection taken by the plaintiff to the admission in evidence of the certificate of the discharge of the defendant under the bankrupt act was merely to its form and manner of authentication, and was two-fold. (1.) That the clerk of the court had not certified that he had compared the copy discharge with the original, and that it was a correct transcript therefrom and of the whole of said original; and (2.) That the seal was not impressed upon wax, wafer, or other substance. Upon the argument at bar, the defendant's counsel produced to the court a discharge in all respects in *hæc verba* with the copy produced on the trial, and duly exemplified and authenticated in the precise form required by the plaintiff's counsel by his objection taken upon the trial. So that the objection, if well taken, was within established principles, obviated. (*Williams* v. *Wood,* 14 *Wend.* 126; *Ritchie* v. *Putnam,* 13 *Id.* 524; *Armstrong* v. *Percy,* 5 *Id.* 535.)

The next objection taken to the discharge and certificate, as evidence, was that the act of congress under which it was granted was unconstitutional, and the discharge therefore void. This objection was not urged upon the argument, and if it had been, this court would have been bound by the decision in *Kunzler* v. *Kohaus,* (5 *Hill,* 317,) to hold it not well taken. (*See also Morse* v. *Hovey,* 1 *Sandf. Ch. Rep.* 187, *S. C.* 1 *Barb. Ch. Rep.* 404; *Sackett* v. *Andross,* 5 *Hill,* 327.)

The next objection taken by the plaintiff upon the trial was, that the judgment upon which the action was brought was recovered intermediate the time of presenting the petition of the

defendant to be declared a bankrupt and the granting the discharge and certificate, and that the original debt upon which the suit was brought, although due before and at the time of the presentation of the petition, (and the suit actually commenced before,) was merged in the judgment, and was not barred by the discharge; that operating only upon debts owing by the defendant at the time of presenting his petition to be declared a bankrupt; the judgment creating a new debt not provable under the act.

In the view I take of the issue in the cause, I do not deem it necessary to pass upon this question. I am not prepared to decide that the position of the plaintiff is not well taken and may not be sustained when the question shall be properly presented for adjudication.

The discharge operates upon, and bars the recovery and collection of, all debts owing by the bankrupt at the time of presenting his petition to be declared a bankrupt, and which are provable under the act, and does not affect any other debts or engagements. (*Bankrupt Act,* § 4. *Crouch* v. *Gridley,* 6 *Hill,* 250. *Thompson* v. *Hewitt, Id.* 254.) The discharge and certificate, when granted, relate to the time of the presentation of the petition, and there is no doubt that the original debt for which the judgment upon which this action was recovered was provable under 'the act, but I think it equally clear that the judgment recovered after the presentation of the petition was not provable, and as the debts which were provable are alone discharged, it follows that the judgment *as such* is not discharged or in any way affected by the certificate. It is true that the original debt being discharged, the costs of the proceedings in an action to recover the debt, as an incident of the debt, are discharged; but the costs are not provable under the act; and the discharge does not operate upon them directly. (*Eden's Bank. Law,* 413.) And as the judgment is composed of the original debt and the damages and costs recovered in that action, one part cannot be separated from the other and proved as a debt, but the entire judgment must be considered as a debt not provable under the act, nor discharged by the

certificate. The original debt is merged in the judgment, for all purposes. No action can be had upon or in respect to it. (*Thompson* v. *Hewitt, ubi supra.* 1 *Ch. Pl.* 103, 478. *Miller* v. *Watson,* 5 *Cowen,* 195. *Outram* v. *Morewood,* 3 *East,* 346.) The judgment constituted a new debt, upon which alone the defendant was liable, and against the validity of the record there can be no averment in pleading; and therefore no matter of defence which existed anterior to the recovery of the judgment can be interposed. (1 *Ch. Pl.* 485. *Thompson* v. *Berry,* 3 *John. Ch. Rep.* 395; *S. C. in error,* 17 *John. Rep.* 436. *Haywood* v. *Ribbans,* 4 *East,* 310. *Thatcher* v. *Gammon,* 12 *Mass. Rep.* 268. *Adams* v. *Barnes,* 17 *Id.* 365. *Homer* v. *Fish,* 1 *Pick.* 435. *McFarland* v. *Irvin,* 8 *John. Rep.* 78.) The plea in this case is to the original debt, the *consideration* of the judgment, and not to the judgment itself. And the rule being well settled that neither fraud in the recovery nor failure of consideration of a judgment, nor the breach of a condition upon which a judgment has been confessed, can be set up by a plea to an action upon such judgment, and that the judgment cannot be impeached or called in question collaterally, and only by writ of error or motion for relief in the original action; (*Peck* v. *Woodbridge,* 3 *Day,* 36;) it is difficult to see how this defence, which is to the original debt solely, can be sustained. It will be conceded that the plea must be to the *judgment,* and in setting up the discharge it must appear that the *judgment* was provable under the act. (*Sackett* v. *Andross,* 5 *Hill,* 327.) The pleader has felt the difficulty of his case in this particular, and has sought to avoid it by a peculiar averment that the original debt was provable, and the *judgment therefore* discharged. This is a plea to the *consideration* of the judgment. The fact that the defendant had no opportunity to plead his discharge in the original action before judgment, cannot alter an established rule of pleading; and it does not follow that the defendant was remediless. He had a perfect remedy by application to the court in the original suit, and that court, doubtless, upon a seasonable application, would have secured to him in a proper manner the full benefit

of his discharge. And upon such application the costs of the suit would have been held discharged as an incident of the debt. And in justice to the plaintiff, that is the form and the manner in which the defendant should be relieved. As the matter now stands, the plaintiff is completely barred from all participation in the effects of the bankrupt's estate. He cannot prove the original debt, as that is merged in the judgment, and the proof of the debt is in the nature of a new action upon it; and he cannot prove the judgment, as it was not in existence at the time of the presentation of the petition to be declared a bankrupt. If the defendant is willing to waive the benefit of his discharge, the plaintiff may retain his judgment; but if the defendant insists upon his certificate, the original judgment should be set aside, and the plaintiff remitted to his former rights, which cannot be done in this action. (*Eden's Bank. Law,* 118, 122. *Kelly* v. *Schuyler,* 2 *Denio,* 73.) We are referred to several cases in which courts have held it proper to go back of the judgment and trace the debt upon which it was recovered, with a view to determine whether the liability upon the judgment was discharged under the insolvent laws of a state. (*Betts* v. *Bagley,* 12 *Pick.* 572. *Wyman* v. *Mitchell,* 1 *Cowen,* 320. *In Re Wendell,* 19 *John. Rep.* 153. *Raymond* v. *Merchant,* 3 *Cowen,* 147.) I do not think that the principles decided in this class of cases affect the question now before us. When the fact was established that the state insolvent laws were incorporated into and made a part of the contract, they followed the debt, in whatever form it might exist, and this fact being established, the discharge operated upon the judgment directly, and not indirectly, by means of the debt upon which it was founded.

We are referred to a long list of cases in the English courts, in which the defendant has been relieved in cases like the present. But I find none in which the defendant has availed himself, or sought to avail himself, of the benefit of his certificate by plea to an action upon a judgment. The relief has been granted upon motion, under a provision contained in the English bankrupt act, and which is not incorporated into that of the

Dresser *v.* Brooks. ·

United States, authorizing the courts to relieve on motion. (*Act of* 5 *Geo.* 2, *ch.* 30, § 13 ; 2 *Cooke's Bank. Laws, Statutes, &c. p.* 88 ; 12 *Geo.* 3, *ch.* 47, § 2 ; *Eden's Bank. Laws,* 427.)

These are some of the reasons, briefly stated, which have induced me to believe that the question is not entirely free from doubt in favor of the defendant, and which, as the question, in my view, does not properly arise in the case, have induced me, without dissenting, to withhold my assent to the conclusion to which my brethren have arrived.

A question in advance of this is, whether the question now made properly arises upon the pleadings, under the issues which the parties have joined. If there is an immaterial issue, upon which the defendant is entitled to a verdict, but which nevertheless does not entitle him, by the law of the land, to a judgment, the remedy of the plaintiff is not by a motion for a new trial. The plaintiff might have brought the question now made by him before the court very properly by a demurrer. The record shows every fact necessary to present the point fully and fairly. It shows the judgment upon which the action is brought to have been recovered in the term of *October,* 1842, and that the presentation of the petition of the defendant to be declared a bankrupt, was on the 27*th of September* of the same year, and *before* the recovery of the judgment. *Perhaps* the plaintiff might also have properly replied that the debt sought to be recovered by him was not *provable* under the act, and thus have presented a mixed question of law and fact for trial by jury. If, however, the plaintiff, by his replication, has admitted the facts stated in the plea of the defendant, necessary to give the district court of the United States jurisdiction in the proceedings in bankruptcy, and the facts alleged in the plea, that the debt sought to be recovered was provable under the act, and that it was not of that class of fiduciary obligations upon which the discharge did not operate, and has simply taken issue upon the granting of the discharge, then the defendant, upon production of his discharge and certificate properly authenticated, was entitled to a verdict, and the plaintiff was not in a situation to ask for the application of the principle

said by the court in *Kellogg* v. *Schuyler*, (2 *Denio*, 73,) to have been decided in some other case, but which was not involved in that case. He had voluntarily waived it. A reference to the record must determine the question. The plea, (I take the first special plea and the replication thereto, for although there are several pleas they are substantially alike,) after alleging the necessary jurisdictional facts, sets out the discharge and certificate in "*hæc verba,*" and then avers that the judgment upon which the plaintiff seeks to recover in this action, was recovered before the discharge, *upon a debt owing before and at the time of the presentation of the petition* of the defendant to be declared a bankrupt, *and which was provable under said act, and which was not created in a fiduciary capacity*, and that *by virtue* of the *said discharge* the defendant was discharged from the *said judgment and the debt upon which it was recovered*, and from the debt sought to be recovered by the plaintiff in this action. To this plea the plaintiff replied that the defendant was not by the decree discharged according to the act of congress, from the judgment in the declaration mentioned, and the debt upon which the said judgment was recovered, nor of and from the debt claimed by the plaintiff in his declaration and cause and causes of action in the declaration mentioned, *in manner and form as the defendant had alleged in his plea*, and concludes to the country.

The material facts presented by the plea, which were traversable, and upon which issues were tendered, were 1st. The facts giving the district court jurisdiction, including the presentation of the petition. 2d. The granting the discharge and certificate by the court. 3d. That the debt which the plaintiff claimed to recover was provable under the act; and 4th. That it was not created while the defendant was acting in a fiduciary character. (*Sackett* v. *Andross*, 5 *Hill*, 330. *Maple* v. *Burnside*, 1 *Denio*, 332.) Upon all or either of these facts the plaintiff was at liberty to take issue. And those facts directly averred in the plea and not denied by the replication, are admitted upon the record. (*Raymond* v. *Wheeler*, 9 *Cowen*, 295.) The plaintiff then has admitted, upon the record, all the juris-

Dresser *v.* Brooks.

dictional facts averred in the plea, and also that the debt for which the judgment on which this action is brought was recovered, was provable under the act. Whether this was a sufficient averment to bring the judgment within the operation of the discharge, we are not called upon to decide. The most that can be said of it by the plaintiff is, that it is a defective averment that the debt claimed by the plaintiff was provable under the act, and does not show the defendant entitled to the benefit of the discharge within the decision referred to in *Kellogg* v. *Schuyler*, but if defective he should have demurred to the plea. Having replied to it, it must be held sufficient for all the purposes of this motion. Whether the defect, if it is defective, is cured by the replication or by the verdict, is not necessary to be decided at this time. He also admitted, by the pleadings, that his debt was not excluded from the operation of the discharge by reason of its fiduciary character, and took issue *solely upon the granting the discharge ;* unless indeed it should be held otherwise by reason of the peculiar phraseology of the conclusion of the plea, and of the replication which adopts the *words* of the plea. The plea, after setting forth the jurisdictional facts, with the discharge, and other necessary averments mentioned above, concludes thus, "and *by virtue of* the aforesaid discharge the said defendant was fully discharged of and from said judgment, and the debt upon which said judgment was recovered, and of and from the debt so as aforesaid claimed by said plaintiff in his said declaration. And this," &c. We suppose this to be a mere conclusion of law resulting from the facts before pleaded or attempted to be pleaded, and not traversable. It certainly could not take the place or perform the office of any of the averments which we have before mentioned as necessary ; (*Sackett* v. *Andross, cited above ;*) and if intended as an additional averment was a surplusage. In *Beal* v. *Simpson,* (1 *Ld. Raym.* 410,) Powell, J. says, " When a matter of law only is comprised in a *virtute cujus,* then it is not traversable, but matter of fact in the *virtute cujus* is traversable." It is agreed that when the words " *virtute prætextu, per quod,*" and the like, introduce a consequence or

inference from the preceding matter they are not traversable. (*Priddle and Napper's case,* 11 *Rep.* 10.   *Beal* v. *Simpson,* 1 *Ld. Raym.* 408.   *King* v. *Mayor of York,* 5 *T. R.* 66;) but the preceding matter is alone traversable.   And this rule holds *much stronger* when these words introduce a *conclusion of law ;* for every traverse must regularly be of matter of fact, and not of law, for the court alone is to judge of the law. ( *Willion* v. *Berkley,* 1 *Plowd.* 231, *a.*   2 *H. Black.* 182.   1 *Saund. Rep.* 23, *n.* 5.)   "It is also a most material rule upon this subject that a traverse should be taken on matter of fact— not mere matter or conclusion of *law ;* for to raise an issue upon a legal inference or question would be to submit to the jury that which it is in the power of the court to decide." (1 *Ch. Pl. Springfield ed. of* 1833, *p.* 645.   *See also Lucas* v. *Nockells,* 4 *Bing.* 729.)   This conclusion we hold to be a mere inference or conclusion of law growing out of the preceding averments, and not to be a question of fact, or a mixed question of fact and law.   That the debt was *provable* under the act was a mixed question of law and fact; that the debt was discharged was a mere question of law, after the facts were ascertained.   If it is contended that it is not well averred that the debt was provable under the act, and that *therefore the con-* clusion is a *non sequitur,* the answer to this is, that it is not the less a conclusion of law which the pleader has drawn from the facts averred.   If he is not sustained, a demurrer would have tested its accuracy.   This conclusion—this averment of the pleader's opinion of the law growing out of the facts stated— will not aid a defective averment, nor supply the place of one wanting.   The replication either takes issue upon the granting the discharge in *manner and form* as is alleged, or upon the effect of the discharge upon the claim of the plaintiff, and in the latter case admits the discharge.   The averment is that "by the decree in the plea mentioned the defendant was not discharged from the debt *in modo et forma.*"   The language is somewhat ambiguous, and may be held to be either a denial of the discharge, or of its effect; but if its effect is denied then the *decree* is admitted.   There can be no other construction

put upon the language, and then we have all the facts stated in the plea admitted, and an issue to the country upon a question of law resulting from the facts. We cannot intend that the learned plaintiff in this cause intended to raise a question which should have been presented upon a demurrer, to be decided by the jury. We will rather give the pleading such a construction as is reasonable, and which will support the replication and raise a proper issue. (1 *Ch. Pl.* 23.) We will adopt that construction which will support and not destroy the pleading. (*Id.* 579.) Guided by this rule we think that the replication *fairly denies* the *granting the discharge in manner and form* as stated, and that the residue of the replication is surplusage. (3 *Id.* 1149.) If we are right in the view we have taken, then the only issue joined upon the plea of the discharge, aside from the alleged fraud hereafter noticed, was upon the granting the discharge; and the defendant, upon proof of the discharge and certificate, was entitled to a verdict upon that issue, and neither the circuit judge nor the jury could pass upon or decide as to the effect to be given to it.

The evidence offered by the plaintiff to show the discharge fraudulent and void, was properly rejected. (1.) For the reason that the replication averring the fraud was entirely too general, as it did not state or specify the particular acts which the plaintiff would give in evidence and claim to be fraudulent, and at the time of the trial no law had been enacted in this state modifying the common law rule of pleading in such cases. (*Brereton* v. *Hill*, 1 *Denio*, 75. *Maples* v. *Burnside*, *Id.* 332. *Laws of* 1846, *p.* 305.) (2.) The evidence offered, if given, would have shown no fraud which would have vitiated the discharge. The offered evidence did not go far enough. It was merely that " he concealed his relation as copartner with one Van Voorhis, and did not inventory, nor give up to his creditors whatsoever of interest, balance due, or assets belonging to him or his creditors, on a settlement with said Van Voorhis at the time of the decree of bankruptcy." There was no offer to show that the bankrupt had any interest whatever in any partnership assets, or that there was any thing due him, or that the con-

cealment was wilful or fraudulent. (*Bankrupt Act*, § 4.) I think that for these reasons the motion for a new trial should be denied. My brethren have arrived at the same conclusion for these and other reasons.

GRIDLEY, J. The most important question presented for our consideration in this cause, is, whether the defendant's discharge under the bankrupt act of 1841, constitutes a good plea in bar to an action upon a judgment founded on a debt existing when the bankrupt filed his petition, but recovered before the discharge was granted ; so as to preclude all opportunity of pleading it in the suit.

The fourth section of the bankrupt act provides that the "discharge and certificate, when duly granted, shall in all courts of justice be deemed a full and complete discharge of all debts, contracts and other engagements of such bankrupt, which are provable under this act ; and shall and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever." It is not denied that the debt on which the judgment was founded, was of such a character as to be provable under the act ; but it is contended that the judgment is not. And the ground on which this proposition is attempted to be maintained is, that the original debt no longer exists, having been merged in, and extinguished by the judgment, which has become a new debt, not existing when the petition was filed, and that it therefore is not discharged. This principle is supposed by the counsel to have been established in several cases that have been decided in our own courts. It cannot be denied that language favoring such a doctrine has been held by Justice Bronson, on several occasions. But it is believed that this question was not necessarily involved in any of the cases referred to, and that the remarks of the judge were merely the expression of his individual opinion, entitled to respect, indeed, but creating no binding authority upon us.

The first case to which we are referred is that of *Crouch* v. *Gridley*, (6 *Hill*, 250.) This was a motion for a perpetual stay of proceedings upon a report of referees, in an action of

tort ; in which the report was made long after the petition in bankruptcy was filed, and the court held that there was no debt existing when the petition was filed, upon which the discharge could operate.   Now, it certainly cannot be necessary to waste time upon this case until it can be shown that a cause of action sounding in tort is a debt.   The next case relied upon is that of *Thompson* v. *Hewitt*, (6 *Hill*, 254.)   This also was a case arising upon a motion for a perpetual stay of proceedings, upon a judgment rendered on a cognovit, in July, 1843.   The application was made on the ground that the defendant had received his discharge in the month of August thereafter, too late to be pleaded.   The action was founded on a promissory note made before the petition was filed, and in that respect was like the case at bar.   But the motion was opposed, on the ground that the cognovit was given upon a compromise, and under an express understanding that the discharge, when obtained, should not affect the judgment.   Judge Bronson, in his opinion, alludes to the fact that under most of our insolvent laws the debtor was discharged from all debts which he owed at the time of the assignment, while under the bankrupt act the debtor was discharged only from such debts as he owed at the time of presenting his petition ; and then proceeds to say, " Subsequent to that time, the cognovit was given, and the judgment recovered.   The original debt has been merged in, and extinguished by the judgment.   The judgment is a new debt, which is not affected by the discharge."   Had the judge stopped here, and rested his decision upon this ground, the case would have been an authority in point, so far as a decision on a special motion can be regarded as such.   But he did not ; on the contrary, he refused to dispose of the motion upon this principle, remarking as follows : " The question need not be decided at this time ; for the defendant comes to ask a favor in direct violation of his agreement.   If there is any way in which he can set up his discharge as a legal answer to the judgment, he does not want any assistance, and clearly we ought not to aid him in doing a wrong."   This case, therefore, furnishes nothing but a dictum in favor of the proposition contended for.   The last

Dresser v. Brooks.

case to which our attention has been called, is *Kellogg* v. *Schuyler*, (2 *Denio*, 73.) This was a case of scire facias to have execution on a judgment in trespass, recovered in October term, 1842. The plea showed that the verdict against the defendant was rendered on the 9th of September, and judgment entered thereon on the 2d of December, 1842, and that on the 7th of November he filed his petition, and on the 10th of April, 1843, received his certificate in bankruptcy. Upon these facts the court held that the verdict in trespass was not a debt existing when the petition was filed, on the well settled principle that the bankrupt act does not profess to discharge a cause of action in tort, but only a debt; and that a judgment, in addition to a verdict, is necessary to turn a tort into a debt. After disposing of the case upon this ground, the opinion proceeds as follows: "But if the demand had been of a different character, the defendant would still be precluded from setting up his discharge. We have held that a judgment is an extinguishment of the prior indebtedness, and that when it is rendered after the time of presenting the petition, it is not affected by a discharge granted in a proceeding commenced by such petition." It must be confessed that this language is explicit, and to the point in question; but it is nevertheless true that every word of it is *obiter*; and applicable, as is declared by the court, not to the case then under consideration, but to such a case as that would have been, if the demand had been of a different character; that is, founded upon a debt instead of a tort.

I have said that these strongly expressed opinions, being *obiter dicta* merely, are not to be regarded as authority upon the point in question; but as the opinions of a very learned judge, they are entitled to great respect, and should not be disregarded but for reasons of great weight. We have, therefore, felt ourselves bound to give to this question all the examination which the other demands upon our time would permit. But after the most attentive consideration of the subject, we have been compelled to come to a different conclusion from that expressed in the opinions we have cited.

I. In the first place we do not think that where the judgment

Dresser *v.* Brooks.

is founded on a note, bond, judgment, or other demand, which was itself a debt when the petition was filed, there is any authority to show that the original debt is merged in and extinguished by the judgment, so as not to be subject to the operation of a discharge afterwards granted; but that the contrary principle has been settled in a series of cases which have never been questioned.

(1.) The only cases cited in support of this principle of merger and extinguishment, are that of *Buss* v. *Gilbert*, (2 *Maule & Selw.* 70,) and that of *John Charles*, which arose in equity before the lord chancellor, in 16 *Ves.* 256, and was referred by him to the common law judges for their opinion, which is found in 4 *East*, 197. In England, such debts only are discharged as were due and owing when the debtor became bankrupt. And in the case in question, the precise point presented for decision was, whether a verdict in an action for the breach of a promise of marriage, rendered before the act of bankruptcy, upon which judgment was perfected afterwards, constituted a debt at the time of the bankruptcy, so that the plaintiff could become a petitioning creditor; and it was held that it did not, not because it had been merged in and extinguished by the subsequent judgment, but because it never was a debt at all until the judgment. The judges gave a certificate without assigning any reasons for their opinion; but the argument of Mr. Abbott, on behalf of the plaintiff, which was adopted by the court, was as follows: "There must have been a sufficient legal debt due from the bankrupt, at the time of the act of bankruptcy, although it may have been afterwards, (as in the case of bills of exchange and promissory notes,) assigned to the petitioning creditor. Here it cannot be said that there was any debt due from the bankrupt to any person, at the time of the act of bankruptcy; for nothing was due on the verdict before judgment, but it is the judgment alone which creates the debt; no action could be maintained upon the mere verdict." The counsel afterwards takes a distinction, which shows that, in his opinion, the petitioning creditor should have prevailed, if the judgment had been founded on a note or bill showing a debt

existing at the time of the act of bankruptcy, notwithstanding its merger in the judgment.  He says, in an action for illegally seizing the goods of a bankrupt, the messenger "must state in his plea the existence of a debt, at the time of the act of bankruptcy ; and in case it arose upon bills of exchange afterwards indorsed to him, that the bankrupt was indebted on those bills to persons who afterwards indorsed them to the petitioning creditor.  But how could such an averment be made in this case ?  The original cause of action, a breach of promise of marriage, was no debt at law, but only gave a right to damages which could only be recovered by judgment, and not by verdict alone."  The only other case cited in support of the doctrine contended for, is that of *Buss* v. *Gilbert*, which differed in its facts from the last case in this respect only, that the original cause of action, instead of arising on contract for a breach of promise of marriage, was founded upon a tort for seducing the plaintiff's daughter.  It seems to us that these cases, instead of sustaining the principle of merger and extinguishment, are directly opposed to it.  For they are decided on the ground, not that the original debt was merged in the judgment and lost, but that there never was a debt at all, till the judgment created one ; and holding, by the strongest possible implication, that if there had been an original debt, such as a promissory note, it might be followed into the judgment, and discharged in such judgment.

(2.) But we are not left to mere negative authority upon this point.  There is a large class of cases, which have arisen upon motions to discharge, or to stay executions, upon judgments recovered too early to admit of the discharge being pleaded in the suits in which the judgments were obtained.  And in every such case, when it appeared that the judgment was founded on a debt, provable and dischargeable under the act, and there had been no opportunity to plead the discharge, relief has been granted by discharging the execution, or directing it to be perpetually stayed.  I will cite but a few of this long list of authorities.  In *Bouteflour* v. *Coats*, (*Cowp.* 25,) a bail bond had been forfeited before the commission ; then followed a judgment

upon the bond; and the bankrupt's certificate was obtained on a subsequent day. And Lord Mansfield granted the relief, saying: "Here was a breach and the penalty forfeited, and therefore the debt was due, though execution could not be taken out for more than the damages. It is not the case of a contingent debt, not reduced to a certainty, which is not discharged by the certificate." In *Blandford et al. ex'rs of Froud,* v. *Foote,* (*Cowp.* 138,) the facts were, that the defendant was indebted to the plaintiff's testator, on a bond, when he committed an act of bankruptcy. After this, judgment was obtained on the bond, and the testator dying before execution, the plaintiff sued upon the judgment, and obtained a new judgment thereon, upon which execution was issued, and the defendant had been arrested and was in custody thereon. The plaintiff had not obtained his certificate so as to plead it in the last suit; nor had he obtained it at the time of the motion; but he applied for relief as an uncertificated bankrupt, under the provisions of the English bankrupt act. In opposition to this motion Mr. Mansfield showed cause, relying upon the very principle now under consideration, insisting that the judgment was not within the favor of the statute, which expressly related to debts due, &c. before the commission, and to such debts only. Baldwin, contra, argued that though the judgment was signed after the commission, "yet the debt existed before, and was therefore within the intention of the statute." Lord Mansfield said, "The only doubt that can arise is with respect to the interest and costs accrued since the bankruptcy; but I think they stand on the same foundation as the original debt, which was clearly due before the bankruptcy, and therefore equally within the benefit of the statute." Mr. Justice Willes said that he was of the same opinion, citing a previous case, in which he said the court all agreed that the whole related to the original debt, and therefore was within the act; with which Ashurst, Justice, concurred. It is difficult to conceive of a more direct and conclusive decision on the very point in dispute; and it is one which ought to be decisive of the question; sustained as it is by the great authority of Lord Mansfield's name, and having survived

Dresser v. Brooks.

a period of seventy years, without ever having been questioned or doubted. This principle again came under the consideration of the court, at a much later day, in *Dinsdale* v. *Eames*, (2 *Bro. & Bing.* 6; 6 *Eng. Com. Law Rep.* 3,) which was an application by a defendant, in a judgment on a bail bond, in a case where the defendant became bankrupt before verdict, but did not obtain his certificate till after judgment. The court granted the relief, Dallas, Ch. J. saying that the debt was contracted with certainty before the bankruptcy, and might have been proved under the commission. Burrough, J. remarked, " The case *Ex parte Charles*, has no application to the present. If this had been an action of trover, the case might have been different; but the debt for which the defendant is sued is one which is clearly barred by the certificate." Richardson, J. observed, " The substance of the action on the bail bond is the same as that on the original debt. The costs are accessorial, and the hardship is not greater than in many other cases which arise unavoidably under the bankrupt laws."

In *Scott* v. *Ambrose*, (3 *Maule & Selw.* 326,) it was held not only that a judgment for costs, as well as the debt on which the judgment was founded, was discharged by a certificate obtained before the judgment, but the costs of a writ of error on such judgment, also bore relation to the original debt, and were discharged with it. So, too, in *Willett* v. *Pringle*, (5 *Bos. & Pul.* 193,) it was held that the costs followed the debt, which was discharged, if it existed at the time when the act of bankruptcy was committed. (*See also, to the same effect,* 1 *H. Bl.* 29; 2 *Strange*, 949; 2 *Bos. & Pul.* 7; 5 *Id.* 190; 5 *T. R.* 365; 6 *Id.* 282.) And to show that our own courts have followed the same course of reasoning, and adopted the same principle as to granting relief, in cases arising under our insolvent acts, as prevails in England, see 2 *John. Rep.* 294; 18 *Id.* 54; 15 *Id.* 152; 1 *John. Cas.* 133; 2 *Caines*, 102, 380; 4 *John. Rep.* 191; 9 *Id.* 259; 1 *Cowen*, 42. . See also 6 *Hill*, 246, 247.

Now we are unable to perceive why the cases which we have cited are not entirely conclusive of two propositions: 1. That there is no merger and extinguishment of the original

debt, in the judgment subsequently recovered, so as to prevent the certificate from discharging the judgment founded on such debt; and 2. That the costs which are included in the judgment are accessorial to the debt, and are discharged with it. It is true that the questions in these cases arose on motions for relief. But those decisions are just as conclusive authorities on the point in question, as if they had arisen upon the pleadings. In both cases, the relief is granted, if at all, on the ground that the discharge is a bar to the judgment. If it were not so, and if the old debt were extinguished, and the judgment is to be regarded as an original debt, newly created, then there could be no relief on motion, or in any other way. So that the only ground of relief must of necessity be, that the original debt still exists in the judgment, and that the judgment is but the original debt, in a new form, and is therefore discharged by the certificate. The reason why this question has arisen mainly in cases upon motion is, that there is no other way in which the question can arise, where the plaintiff recovers his judgment before the certificate is obtained, and, instead of bringing a new action on the judgment, seeks to enforce it by execution. In England, the statute, (§ 126 *of the new act, taken from 5 Geo.* 2, §§ 7, 13,) provides for relief by motion, in cases where the discharge cannot be pleaded. While in this state, such relief has been uniformly granted, under the general powers of the court, conferred by the provisions of the acts declaring the effect of the certificate.

But I repeat, that if the doctrine which we are opposing be sound, then no relief should be granted, either on motion or plea. For by that doctrine the original debt is extinguished, and is to be regarded as though it never had existed; while the judgment is a debt newly created, and is therefore no more affected by the discharge than if it were itself an original debt, contracted and created at the time when it was recovered. True, we are not aware of any reported case, in which this principle has been tested by a plea of the certificate to an action on the judgment. For no one has a motive to bring an action upon a judgment, which, if valid, may be enforced by execu-

tion. But if the principle contended for be sound, and actions are sustainable on judgments, when the certificates were obtained too late to be pleaded, as upon original debts newly created, the books would have been full of such cases. As yet, however, no one has been found bold enough to venture a suit upon the speculation that the court would pronounce a judgment to be a new debt, on plea, which had been expressly declared, on motion, to be only the old debt, existing in a new form, and to be within the intention of the act, and discharged by it. (*Cowper*, 138.)

(3.) Notwithstanding no case has been found in the English reports, where this precise question has been presented by a plea to the judgment, we are not without authority in the courts of this state, and Massachusetts, in cases arising on the pleadings, where this doctrine of merger and extinguishment of the old debt, in the judgment, has been repudiated. These cases have arisen under our insolvent laws, and the courts have uniformly held that in an action upon a judgment to which a discharge under the insolvent law was pleaded, they would look behind the judgment to the debt on which it was founded, in order to determine whether that was of such a character, had its origin at such a time, and place, and between such parties, as to be within the provisions of the act, and therefore liable to be discharged by it.

In *Wyman* v. *Mitchell*, (1 *Cowen*, 316,) the plaintiff declared on a judgment recovered upon promises, in August term, 1816; plea of a discharge granted in December, 1817, under the act of April 12th, 1813; replication, that the judgment declared on was rendered on a judgment obtained in a court of common pleas, in Maine, in the year 1814; which last judgment was founded on two notes, executed and payable in Maine, both dated prior to the 12th of April, 1813. To this replication the defendant demurred generally, and the court rendered judgment for the plaintiff, upon the ground that the original debt on which the judgment was founded, arose before the passage of the insolvent act, which was void as to all such debts, for the reason that it impaired the obligation of contracts, upon the

authority of *Mather* v. *Bush*, (16 *John. Rep.* 233,) *Roosevelt* v. *Cebra*, (17 *Id.* 108,) and 4 *Wheaton*, 122. Judge Suther-land, in his opinion, in answer to the argument of counsel, that the original debt was merged in the judgment, and that no suit could be maintained upon it, admits the correctness of the general proposition. He, however, made the exception in the following words: "But I see no objection in principle, to permitting an inquiry into the time of making the agreement and contract, on which the first judgment was founded, for the purpose of taking the case out of the operation of the defen-dant's discharge." Now, in this case, it is perceived that the court refused to regard the old debt as extinguished by the judgment, and to consider the latter a new debt. For if the judg-ment had been regarded as a new debt, originally created at the time of its rendition, then the discharge would have applied di-rectly to such debt, and discharged it.

In *Raymond* v. *Merchant*, (3 *Cowen*, 147,) the declaration was on a note, dated November 3, 1844. The defendant plead-ed a discharge granted February 28, 1817, under the act of 1813. The plaintiff replied that the note was made in Ver-mont, and that the plaintiff was then, and still was, a resident of that state. The defendant rejoined that the debt to secure which the note was given, arose in New-York, to which there was a general demurrer; and the court held that the note was not an absolute extinguishment of the original debt, and that, therefore, (the original debt arising in this state,) the discharge was a bar to the suit.

In the case of *Betts* v. *Bagly*, (12 *Pick.* 572,) this question came under the consideration of the supreme judicial court of Massachusetts, upon a case subject to the opinion of the court. The action was on a judgment rendered in the Berkshire court of common pleas, in 1823. The defendant pleaded his dis-charge granted in New-York, in 1828, and that the original cause of action on which the judgment was founded, arose in New-York, and that both parties were citizens of that state. In this cause the discharge was held by the court to bar the ac-tion, and Chief Justice Shaw, at page 580, expressly declares

that the original debt on which the judgment was founded, was not so merged in the judgment as to preclude the court from looking behind the judgment, to see whether it was such a debt as could be discharged under the act. He says, "Although a judgment, for some purposes, is considered a merger of the former, and as constituting a new cause of action; yet, when the essential rights of the parties are influenced by the nature of the original contract, the court will look into the judgment for the purpose of ascertaining what the nature of such original cause of action was. Any other decision would carry the doctrine of merger to an inconvenient extent, and cause it to work injustice." See, also, on this point, 19 *John. Rep.* 153, which will be found to be a strong authority against the proposition which holds the judgment a new debt, to which the discharge cannot apply.

II. In the second place, we are of the opinion, independently of the authorities to which we have adverted, that a sound construction of the provision in the bankrupt act declaring the effect of a discharge when duly granted, requires us to hold the certificate to be a *bar* to a *debt* existing when the petition was filed, notwithstanding such debt has passed into a judgment. It was provable under the act, and the plaintiff was entitled to receive upon it his dividend of the bankrupt's estate. It was, therefore, precisely such a debt as the policy and spirit of the act intended should be discharged. The act was remedial, and should receive a liberal interpretation—one that will advance and carry out, instead of defeating, the object of its framers. That object was two-fold; first, to devote the whole estate of the bankrupt to the payment of his debts upon the equitable principle of a pro rata distribution; and, secondly, to discharge the bankrupt from all such debts as were provable under the act, and entitled the holders to a dividend of his effects. The consequence of adopting the strict and narrow construction of holding a judgment exempt from the operation of a discharge, because the debt exists in judgment, in a different form, and under a different name, would, in the case of a bankrupt whose debts were numerous, utterly defeat the benign object of the

act ; and leave the unfortunate bankrupt subject to a great portion of his debts, after every dollar of his estate had been faithfully devoted to their payment. In giving to the act an interpretation which would produce a result so subversive of the manifest object of those who framed it, we should depart from that sound rule of interpretation which enjoins upon courts to discover and follow with reason and discretion, the intention of the makers of a statute, notwithstanding such construction may seem contrary to its letter. (*Bacon's Ab. tit. Statute, I.*; 1 *Cowen*, 96 ; 1 *Kent's Com.* 462, 4, 5.)

We are, therefore, of the opinion, both upon the true construction of the act, as well as upon authority, that the judgment in this cause is barred by the discharge.

PRATT, P. J., concurred.

New trial denied.

