The opinion of the court was delivered at the March term, 1850.
Dewey, J.
The case of Sampson v. Clark, 2 Cush. 173, was a direct decision upon a similar question arising under the insolvent law of Massachusetts. It was there held, that where a judgment is obtained against an insolvent debtor, after the first publication of the notice by the messenger of the issuing of a warrant, in an action pending at the time of instituting the proceedings in insolvency, such judgment is not provable as a claim against the insolvent’s estate in the hands of the assignee, because it was not in existence at the time of the publication; and the original debt is not provable, because it was merged in the judgment. This decision was upon the statute of 1838, c. 163, § 3, which allows all debts to be proved against the estate, which are “due and payable” from the debtor, at the time of the first publication of the notice of issuing the warrant in insolvency.
It becomes necessary now to inquire what are the provisions of the bankrupt act, under which this discharge was obtained; and whether the case above referred to, in principle, applies to the present case. The present is a question of the validity of a discharge; that related to the right of a creditor to file his claim ; but both must be governed by the same rule; at least, it must be so in cases arising under the statute of 1838, c. 163. By the provisions of the act of congress of 1841, c. 9, § 4, it is enacted, that “ every bankrupt who shall bond fide surrender all his property, &c.” “ shall be entitled to a full discharge from all his debts, and such discharge shall be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under this act.” The. fifth section authorizes all creditors to prove their debts against the bankrupt.
*88 In New York, this question seems to have been settled, in the case of Kellogg v. Schuyler, 2 Denio, 73, where it was held, in reference to the bankrupt act, that a judgment is an extinguishment of the prior indebtedness; and where it is rendered after the time of presenting the petition, it is not affected by a discharge granted under such petition. In the case of Thompson v. Hewitt, 6 Hill, 254, where the defendaut, during the pendency of a suit against him on a promissory note, presented a petition for a discharge under the bankrupt act, and afterwards gave a judgment for a part of it, by a compromise, theoriginaldebtwasheldtobemergedand extinguished by the new judgment, and the judgment not to be affected by the discharge in bankruptcy.
We can perceive no great hardship, that can result from taking this view of the question. The parties can neither of them be affected injuriously thereby, without their own assent, or by some loches on their part. The creditor, who may have a suit pending against his debtor, at the time such debtor may become the subject of proceedings in bankruptcy, may at once discontinue his suit, and file his claim with the commissioner in bankruptcy, or insolvency, as the case may be, and will in such case be allowed to prove his claim, and receive a dividend. So, on the other hand, the debtor, if he would secure to himself the benefit of a discharge in bankruptcy, in reference to a debt for the recovery of which a suit at law is then pending, has only to interpose his objection to a judgment’s being rendered in such suit, by suggesting the proceedings in bankruptcy, and asking a continuance of the action, until the proceedings in bankruptcy have so far progressed as to enable him to plead his discharge in bar of the suit.
But if both parties are content that the demand shall not be affected by the proceedings in bankruptcy; the creditor voluntarily yielding his right to file his claim for the purpose of taking a dividend from the avails of the assets of the bankrupt; and the debtor being also content to have the demand unaffected by the proceedings in bankruptcy; the result will be that a new debt is created, which is not affected by the discharge in bankruptcy. It is undoubtedly true, that to some *89 extent and for some purposes, it is allowable to go behind a judgment, and inquire as to the original indebtedness, and this may have a decisive effect upon the rights of the parties. The case of Betts v. Bagley, 12 Pick. 572, cited by the counsel for the defendant, is an instance of such inquiry, and a case where effect was given to the orignal cause of action. The judgment in that case was rendered long before the application for a discharge or any proceedings in reference to the same. It was important to show the jurisdiction of the tribunals of New York, in reference to the case and the parties, and it appearing that the original debt was contracted in that state, this was held sufficient to subject the demand, which was a suit upon a judgment, to the insolvent laws of New York.
The English decisions, to some extent, are apparently conflicting with the view which we have taken of the present case. To what extent, it is somewhat difficult, precisely to understand. In the case of Robinson v. Vale, 2 B. & C. 762, it was held, that the debt was provable, although in a judgment ; but here the judgment was before the commission of bankruptcy issued. The case Ex parte Birch, reported in 4 B. & C. 880, and also in 7 D. & R. 436, 442, is a case more in point to show that a judgment, rendered after the commission of bankruptcy, is yet provable as a debt chargeable upon the assets of the bankrupt. The judgment was in fact rendered three days after the date of the commission, and the debt was held provable, but the grounds of the decision are not stated. It may have been decided upon the ground urged by one of the counsel, that a judgment there always relates to the first day of the term, which period would be found prior to the issuing of the commission; or it may have been founded upon the peculiar language of the statute of 46 Geo. 3, c. 135, 'l after the act of bankruptcy,” &c. The act of bankruptcy is the private act of the debtor, and may not at the time be known to the creditor, so that he can discontinue his action and waive taking a judgment; while our statute relates to all debts existing at the time of the publication by the messenger which is a public event known to the creditor, so as to enable *90 him seasonably to regulate his future course as to a suit then pending. However that may be, we see no sufficient reason for not applying the same principle, by any thing settled,in the law of Sampson v. Clark, before cited.
The petition in bankruptcy having been filed on the 9th of December, 1842, and the judgment, which is the foundation of the present claim, having been rendered subsequently, although the original action was commenced prior to the filing of the petition in bankruptcy, such judgment does not constitute a debt or demand, which could be proved and allowed by the commissioner in bankruptcy, and the discharge of the said Perkins, by virtue of said proceedings, does not apply to a judgment rendered after the filing of the petition in bankruptcy. Such being the character of the demand sought to be enforced in the present action, the ruling of the court of common pleas was erroneous.

Exceptions sustained, and a new trial ordered in this cowrt. ■