*656 By the Coubt.
Boswobth, J.
We have no doubt that the deposition of Strakosch was improperly admitted as evidence, and that a new trial should have been granted for that cause. It is now contended by the plaintiff, that, conceding this to be so, yet as the evidence on which its-admissibility depends is, by statute, to be addressed to the court only, and is not to be, and is not, considered by the jury in forming their verdict, and as it is now made apparent by satisfactory proof, or can be made so, that Strakosch was continuously absent from the state until after the trial, the court should now allow the fact to be proved; and that if conclusive proof is given, the order granting a new trial should be vacated, and a reargument ordered, and the case be so amended as to present on its face satisfactory proof of the fact of such absence.
The plaintiff relies mainly on that class of cases in which a party who has obtained a verdict on defective or insufficient proof of some fact, the existence of which depended on record or documentary evidence, has been allowed to supply the defect on the argument of a motion for a new trial, by producing a properly exemplified copy of the record or document. He cited 2 Sand. S. C. R. 719; 3 Barb. 429; 24 Wend.; 14 Wend. 126; 4 Wend. 591; 13 J. R. 517; 3 J. C. 125; 2 Metcalf, 64.
All of those cases, -except two, (3 Barb. 429, and 24 Wend. 14,) eame before -the--court on a ease made, and not on a bill of exceptions,--or upon a writ of error. In all-of them the defect was supplied on the argument, and before a decision was made by the court in -lane. And in all of them the point defectively proved at the trial was capable of being proved by -record evidence, which could not have been controverted had it been produced at the proper time, and evidence of the latter kind was produced and received on the argument in opposition to the motion for a new trial. It 'has -been expressly deeided, that .that rule does not apply to a bill of exceptions. In Hart v. Coltrain, (24 Wend. 14,) the court stated the rule in-these -terms-:
“A motion for a new trial,-on a case made, is addressed to the sound discretion of the court-; and where the party relies on some defect in the proofs, which .is afterwards supplied by evidence which could not have been -controverted had it been produced at the proper time, and-the court see that a new trial could be of no use, the motion would be denied. (Burt v. Place, 4 Wend. 597, *657 and cases cited.) But tbis rule does not apply to a bill of exceptions, and we cannot look into tbe affidavit.”
In that case an exemplification of an affidavit made by an administrator before a Judge of tbe Court of Probate was produced at tbe argument, wbicb, it was claimed, was sufficient to confer jurisdiction to make an order, tbe validity of wbicb was questioned at tbe trial, on tbe ground that it was not then shown that jurisdiction to make it bad been acquired. But as tbe cause was before tbe court on a bill of exceptions, and not on a case, tbe court refused to look at tbe exemplified copy, and ordered a new trial.
In Dresser v. Brooks, (3 Barb. 429,) tbis distinction does not appear to have been adverted to, and no reference is made to Hart v. Coltrain. Tbe only decisions cited are, 14 "Wend. 126, 13 ib. 524, and 5 ib. 535. In those causes tbe defeated party moved for a new trial on a case.
It may perhaps be said of Dresser v. Brooks, that although the report of it shows that exceptions were taken at the trial, yet it does not state that that case came before the court on a bill of exceptions. If before the court on a case, which reserved no right that it should be turned into a bill of exceptions, the decision made in it does not conflict with that made in Hart v. Coltrain. Ve have been referred to no case in which a reargument was ordered to allow such proof to be given after the verdict had been set aside and a new trial granted. Nor have we been referred to any case in which defective proof was allowed to be supplied on the argument of a motion for a new trial, even when such, proof was to be considered by the court only, if the fact to be proved was to be established by the viva voce testimony of witnesses, or by any evidence which in its nature was controvertible.
To allow such a motion, would assume that it was competent and not inexpedient for the court, after reversing a judgment upon an exception taken at the trial, and after both parties bad been heard upon it at the General Term, to vacate the judgment of reversal, and allow defective evidence to be supplied by prooís to be given at the General Term, provided the proofs related to a point upon which evidence was to be given to the court only, and then rehear the appeal and dispose of it as if such proof had been produced at the trial.
*658 Tbe statute requires “ satisfactory proof” to be given at tbe trial; and unless it is there given* tbe party taking such a deposition has no right to read it at all. To grant this application, would be equivalent to bolding that, although there was confessedly no evidence given at the trial of the absence of the witness from the state, yet the court, on appeal, and on reviewing an exception taken to such an 'admission of a deposition, might, without any impropriety, allow witnesses to be examined at the General Term, to prove that, in point of fact, the person who had been examined de lene esse had continued absent from the state, so that his attendance could not be compelled by the ordinary process of law. Whether an appeal at the General Term is from an order denying a motion made for a new trial on a case, or from a decision of questions of law upon a bill of exceptions, we are of opinion that it would be improper, and highly inexpedient, to so extend and apply the rule as it would be necessary to do, to sustain this motion.
The motion is therefore denied, with costs.