## MARK H. FOSS *vs.* GEORGE P. WITHAM.

Under a writ of *audita querela*, brought to reverse a judgment erroneously rendered in favor of the plaintiff in an action, and to supersede an execution which has been improvidently issued thereon, no order can be passed to bring forward the original action upon the docket.

AUDITA QUERELA, brought to reverse a judgment erroneously rendered in favor of the defendant in an action brought by him against the plaintiff, who lived out of the state and had no sufficient notice of the action; and to supersede an execution issued on such judgment. Judgment was entered in the superior court, by *Ames,* J., reversing the judgment and superseding the execution, as prayed for; and an order was passed that the original action should be brought forward on the docket, and the entry of judgment and default be stricken off, and the action remain upon the docket for further directions; and to this order the plaintiff alleged exceptions.

*A. Tullar,* for the plaintiff.

*B. H. Smith,* for the defendant.

HOAR, J. We are of opinion that the exceptions in this case must be sustained. The writ of *audita querela* is the commencement of a suit at common law, recognized also by statute in this commonwealth, in which the plaintiff asks to be relieved from a judgment or execution, or both, by reason of some matter affecting their validity which he has not had an opportunity to plead. If the execution has been satisfied in whole or in part, or he has been imprisoned upon it, he may recover compensation in damages in the *audita querela.* The writ in this case is properly framed for these objects. The plaintiff prays fo the relief adapted to his case. But the defendant is not an actor in the suit; and no proceedings are to be had in it for his

benefit. Either the plaintiff prevails in whole or in part, and recovers judgment to the extent to which he is entitled to it, or there is a judgment for the defendant, and this is the whole scope and effect of the *audita querela.* 3 Bl. Com. 405, 406. Fitzh. Nat. Brev. 102, 105. Gen. Sts. *c.* 145, §§ 1–7. *Lovejoy* v. *Webber,* 10 Mass. 101. *Dingman* v. *Myers,* 13 Gray, 1.

The plaintiff is entitled to a reversal of the judgment erroneously entered against him, to a supersedeas of the execution which improvidently issued, and to his costs. So far the judgment of the superior court was right, and should be supported. But we find no authority for making an order as to any further proceedings in the former suit, under this process. It has sometimes been the practice of courts to give the relief which an *audita querela* affords, in a summary way, upon motion, when the facts are not in dispute, and recent. Ld. Raym. 1295. 1 M. & S. 199. 4 Johns. 191. 17 Johns. 487. *Lovejoy* v. *Webber, ubi supra.* If the proceedings here had been upon motion, we do not mean to decide that they would have been erroneous. But the order to bring forward the former action, if it is competent to the court to make it, is an entirely separate matter, and is not to be entered as a part of the judgment in the present suit.

*Exceptions sustained.*