## RAYMOND *against* MERCHANT.

ASSUMPSIT. Declaration on a negotiable promissory note, made by the defendant and payable to the plaintiff, dated *November* 3d, 1814; for $130. Plea, 1st, *non-assumpsit*; 2. that after making the note, &c. to wit, on the 26th day of *December*, 1816. at the city of *Albany*, *Stephen Merchant* was the defendant's creditor; that the defendant was then and there imprisoned and had been imprisoned for 60 days and upwards, upon execution, in a civil action; that *Stephen Merchant*, being then and there apprehensive that the estate or effects of the defendant would be wasted or embezzled, did apply to *Phillip S. Parker*, who then was, and from thence hitherto hath been, &c. Recorder of the city of *Albany*, for relief according to the " act for giving relief in cases of insolvency," passed *April* 12th, 1813, (going on and setting forth a regular discharge of the defendant, under the 9th section of that act, (1 *R. L.* 464-5.) on the 28th *February*, 1817, by Mr. *Parker*, Recorder, from all debts, &c.)

Replication, that the note declared on, was, at the day it bore date, executed at *Bennington*, in the state of *Vermont*; and that, at its date, and ever since, the plaintiff was and yet is an actual resident of that state.

*Rejoinder*, admitting the truth of the replication; and averring that after the passage of the act under which the ing relief in cases of insolvency; and a negotiable note was afterwards given for that debt in the state of *Vermont*; held, that a discharge under that act was a bar to an action on the note, the original consideration of which might be inquired into in reference to the discharge.

A discharge under the act for giving relief in cases of insolvency, (1 R. L. 464, 5, s. 9,) passed *April* 12th, 1813, is a bar to an action on a contract made in this state subsequent to that day.

A promissory negotiable note given for an antecedent debt, is not absolutely an extinguishment of that debt; but an action may still be maintained for the original consideration, provided the note be lost, or produced and cancelled at the trial. Where such antecedent debt was contracted in this state, subsequent to the act for giving-

discharge was granted, to wit, on the 29th October, 1814, the defendant, was indebted to certain merchants then residing in the city of New York, partners, by the name of Little & White, in $232,70, for goods, &c. sold him by them; that he paid them $100, and requested the plaintiff, who was then at New-York, to pay the residue; that it was agreed there, between the plaintiff and defendant, that the former should pay or secure $132,70; and that the defendant should secure or pay the same sum to the plaintiff; that the plaintiff, accordingly, at New-York, did pay or secure the $132,70; and that afterwards, at Bennington, in Vermont, the defendant executed the note declared on, for and on account of that sum; that this was the sole ground and consideration of his note.

General demurrer and joinder.

S. A. Foot, in support of the demurrer. We conceive it to be immaterial, whether the debt in question arose in or out of this state. If there is any thing in such a distinction, the note is evidence that it arose out of the state. Being a negotiable note, it extinguished the debt for the purposes of this question. The original consideration cannot be set up and sued for, till the note is produced and cancelled. Though it may not be a technical extinguishment, yet it is a suspension, (Holmes & Drake v. D'Camp, 1 John. Rep. 34,) which is the same thing for the purposes of this question. It may be said that we had an option to go upon the note or not; for we might have given it up. This is true; but it is equally so that we may elect and have elected otherwise. By taking the note, the nature of the original transaction is changed, and we ought to have the benefit of our security as we have drawn it. There is an attempt in the rejoinder to make the act of giving the note, the fulfilment of a previous agreement. This can make no difference. · The rejoinder shows that the true consideration of the note was the New-York debt for goods sold.

I. Hamilton, contra, relied upon the case of Wyman v. Mitchell, (1 Cowen's Rep. 316,) where, to a plea of an insol-

vent's discharge in bar of a judgment obtained in this state since the insolvent act was passed. The Court allowed the plaintiff to shew in reply, that the consideration of the judgment arose in *Massachusetts,* before the act ; and held that the consideration was not merged in the judgment. A *fortiori*, he said, the note is not a merger. It is only in equal degree with the debt it was given to secure: He also referred to *Mather* v. *Bush,* (16 *John.* 243,) and several of the cases there cited. He said the defendant resided in this state, and the contract and ground of the debt wholly arose here. This is enough. The consideration is an essential part of the contract. Without this the note would be a nullity ; and it is perfectly well settled, that where a promissory note is given for a precedent debt, it is no extinguishment. The payee may sue upon the original debt ; waiving the note altogether.

*Foot,* in reply, said it is true, the consideration of a judgment may be inquired into. It is a judicial act, an act of the Court which should not preclude the party from going back and availing himself of the ground of the judgment. The present is an attempt to invalidate the party's own act, by which the nature of the original contract was changed. What is the contract upon which we sue ? A promissory note founded on good consideration. Is not the note a contract ? It is said, a consideration is essential to a contract. This is conceded ; but are the consideration and contract identical ? Suppose the consideration ha dbeen before the act—the note afterwards—the whole in this state ; could we go back to the consideration, and say the note is not discharged ? A breach of a marriage promise forms a good consideration for a note ; though it is not the subject of an insolvent discharge. So a moral obligation is a valid consideration for a promise, but it is not, therefore, the contract itself. Had we sued on the implied promise arising from the payment, it might have been different. But the action is on the special agreement, and this alone should be looked to.

UTICA,
Aug. 1824.

Raymond
v.
Merchant.

*Curia*, *per* SAVAGE, Ch. J. Under the pleadings in this case, and the previous decisions of this Court, (*Mather v. Bush*, 16 *John.* 233, *Matter of Wendell*, 19 *John.* 153,) the question raised is, whether the note executed in *Vermont* be an extinguishment of the previous contract, or indebtedness on which the note was predicated. The principle adopted by this Court, in *Homles* v. *D'Camp*, (1 *John. Rep.* 36-7,) is, that a negotiable note is not absolutely an extinguishment of an antecedent, simple contract debt ; but that the plaintiff may recover upon the original consideration, provided he shews the note to be lost, or produces and cancels it at the trial. Had the plaintiff declared on the original consideration, a plea that a note had been given for it, would have been bad on demurrer. The giving the note must be taken advantage of on the trial.

I think, therefore, that as the *contract* was made in the state of *New-York*, and is not extinguished by the note given in *Vermont*, the discharge is a good defence. The defendant must have judgment.

SUTHERLAND, J. (*dissenting*.) The demurrer in this case, appears to me to be well taken. The contract between the parties is the note on which the suit is brought. All previous contracts or agreements in relation to the subject matter of the note were merged in it. The plaintiff could not have recovered upon the original consideration of this note, as long as the note was in being. He would have been obliged either to have shown that it was lost, or to have produced and cancelled it at the trial. (*Holmes* v. *D'Camp*, 1 *John. Rep.* 34. *Angel* v. *Felton*, 8 *id.* 115.) The *final* agreement between the parties, is the contract; and the law of the place where that agreement is made, is to govern its construction, unless it appear upon its face to have been made with reference to the laws of some other place, and with a view of being executed there. It may be that the note was not given in *New-York*, for the very purpose of avoiding the operation of our insolvent laws, and that by the express agreement of the parties.

The case of *Wyman* v. *Mitchell,* cited by the counsel for the defendant, is very distinguishable from this. That was an action of debt upon a judgment obtained in this state. The defendant pleaded his discharge under one of our insolvent acts. The plaintiff replied, stating the contract upon which the judgment was obtained, to have been made in *Massachusetts* before the passing of the act under which the defendant was discharged. To this the defendant demurred, and we overruled the demurrer on the ground that the judgment upon which the suit was *brought, was not a contract between the parties, but only evidence of a preexisting contract ;* and that it was proper to show when and where that contract was made. A judgment is not a voluntary agreement between the parties. It can never, therefore, be said, that a judgment is a contract entered into with reference to the laws of the place where it is obtained, and that those laws are to be presumed to have been within the contemplation and intent of the parties. We, therefore, permitted the plaintiff to go back until he came to an agreement or contract, and no farther. We held, expressly, that the consideration of such agreement or contract was not to be inquired into, with a view of shewing that it arose at a different time or place from the contract itself.

I am accordingly of opinion, that the plaintiff should have judgment.

Judgment for the defendant.