Steamboat Charlotte vs. Lumm, to the use of Hammond.

---

STEAMBOAT CHARLOTTE vs. LUMM, TO THE USE OF HAMMOND.

1. Although a note does not extinguish the original cause of action, but only suspends the right to sue during the time given in the note, yet a party cannot recover on the original contract, without producing the note, or accounting for its absence.

2. The discharge of the maker of the note under the bankrupt law, does not excuse the production of the note.

### ERROR to St. Louis Court of Common Pleas.

HAMILTON, GEYER & DAYTON, for the Plaintiff in error.

#### POINTS AND AUTHORITIES.

The counsel for the plaintiff in error insists that the judgment of the court below ought to be reversed for the following reason :

1. That the court erred in the instructions given.

2. The court erred in refusing the instructions asked by the defendant.

*First,* then, in regard to the instructions given.

The bill of exceptions discloses that it was contended at the trial that a note for $550, executed by Hoffman to Lumm, on account of the work and materials, was still outstanding; in proof of which a receipt of the date of April 14th, 1842, for a note of that amount, and the statement and belief of Hoffman in relation to the matter were offered. It was claimed that such note should be produced at the trial and cancelled, or else accounted for, otherwise that a judgment could not be rendered for the original amount of account, for which that note was given.

The instruction took away from the jury the consideration of the question whether such note was outstanding, and assumed that Hoffman's discharge in bankruptcy dispensed with the necessity of producing or accounting for it.

We suppose that it will be conceded that but for the discharge, the note must have been produced or accounted for, or the amount allowed to the defendant. But see Holmes vs. DeCamp, 1 John Rep. 34; Angel vs. Felton, 8 John's Rep. 149; Cummins vs. Huckley, 8 John's 202; Pintard vs. Fackington, 10 John's 104; Smith vs Lockwood, 10 John's 366; Glenn vs. Smith, 2 Gill & Johnson 493; Hughes vs. Wheeler, 8 Cowen, 77. There appears to be no conflict of authority on this point.

The discharge of Hoffman furnished no reason for dispensing with producing or accounting for the note; for Lumm or a *bona fide* holder of the note might prove it up, under Hoffman's bankruptcy, and thus obtain its proportion of the effects. See bankrupt law, sec. 5.

*Second.* In regard to the instruction asked for by defendant's counsel, and refused :

It is assumed that the order of Lumm in favor of Hammond, and the acceptance thereof by Hoffman on the 22d of April, 1842, operated as a transfer from Lumm to Hammond of all of the demand sued for, existing at that time.

It is contended on the part of the appellant that such transfer discharged the lien.

This point is made in the case of Kingsland and Lightner to the use of steam boat Charlotte, and the counsel refer to the suggestions and authorities upon the point in that case.

SPALDING AND TIFFANY, for defendant in error.

Steamboat Charlotte vs. Lumm, to the use of Hammond.

POINTS AND AUTHORITIES.

The defendant in error maintains :

1. That the giving the note by the owner of the boat did not discharge the lien. 6 Mo. Rep. 552, 555.

1. The giving the note was not an extinguishment of the original cause of action, unless there was an express agreement *that it was given and received in extinguishment* of the debt, and that the party took upon himself the risk of the payment of the note. 10 Peters' Rep. 567.

3. And the language of the receipt is not sufficient evidence that the not was taken in extinguishment of the original cause of action. 2 Gill & Johnson, 493, 1 Cowen, 290, 6 Term Rep. 52; 9 John's Rep. 309; 2 John's cases, 438; 7 Har. & John, 92.

4. Other liens are not discharged by the taking a note or bill. 4 Mo. Rep. 253; 4 Kent 153; 2 Vesey & Beaume, 306; 1 John Chy. Rep. 308; 7 Mo. Rep. 411. And see the authorities cited in the case of Charlotte vs. Hammond.

5. The court did not err in giving and refusing instructions.

SCOTT, J., delivered the opinion of the court.

This is a suit involving the principles determined in the case of the steamboat Charlotte vs. John R. Hammond, decided at this term of the court. The fact that the note given in liquidation of the account, was not produced on the trial, constitutes the only difference between the cases. Hoffman, the owner of the boat, who executed the note, had been declared a bankrupt and obtained a final discharge before the commencement of the suit.

The law seems to be well settled, that although a promissory note does not extinguish the original cause of action for which it was given, without a special contract imparting to it that effect, but only suspends the right to sue during the time the note has to run, yet it is so far regarded as a payment, that the party to whom it has been given, cannot recover on the original cause of action without producing the note on the trial, and cancelling it or accounting for its non-production. Angel vs. Felton, 8 John, 149; 1 John, 34; Holmes vs. DeCamp; Raymond vs. Merchant, 3 Cow. 147; Hughes vs. Wheeler, 8 Cowen, 77.

Although Hoffman obtained a final certificate under the bankrupt law, yet that will not excuse the non-production of the note, as it might have been proved under the proceedings in bankruptcy.

Judgment reversed.