## URAN *versus* HOUDLETTE.

A judgment is a debt of a higher order than was the simple contract upon which it is founded.

A discharge in bankruptcy is no bar to a judgment recovered *after* the de-fendant's application to be decreed a bankrupt, although founded upon a claim, which, until merged in the judgment, *would have been* provable in bankruptcy.

ON FACTS AGREED.

DEBT ON JUDGMENT.

The plaintiff held a note against the defendant, payable in Nov. 1841, and recovered judgment upon it Dec. 24, 1842. Five days before the recovery of the judgment, viz., on Dec. 19, 1842, the defendant filed his petition to be decreed a bank-rupt. Upon that petition such proceedings were had that he obtained, in 1844, a full discharge from all the debts due from him on said 19th of Dec. 1842, which were provable in the court of bankruptcy.

Upon the plaintiff's judgment, an execution was issued in 1845, and placed in the hands of an officer for service. Where-upon the defendant applied to the court of bankruptcy " for a supersedeas or such other remedy as would restrain the officer from executing said execution." Upon that application the

court of bankruptcy issued a precept directed to the officer, restraining him and all other sheriffs, and directing him not to execute said precept. To that direction the officer conformed, and the execution was returned "in no part satisfied."

The supersedeas was granted without notice to the plaintiff, and its introduction was objected to by him, but it was received. This is an action upon said judgment.

The case was submitted to the Court.

*J. S. Abbott*, for the plaintiff.

*F. Allen*, for the defendant.

HOWARD, J.—The note of the defendant was merged and extinguished by the judgment. That having been rendered upon the note, after he had filed his petition for a discharge in bankruptcy, it constitutes a debt, originating at the time, and was not provable under the commission. Consequently the discharge was no bar to the judgment, and furnishes no defence to this action. *Holbrook* v. *Foss*, 27 Maine, 441 ; *Pike* v. *McDonald*, 32 Maine, 418.

*Judgment for the plaintiff.*

SHEPLEY, C. J., and TENNEY and APPLETON, J. J., concurred.