## EZEKIEL C. HOAG *v.* WILLIAM WADE.

H. sued W. to recover for services rendered. W. interposed a counter claim for money lent. It appeared on the trial that W. had received H.'s note for the amount of the loan, which had been renewed at maturity, and that the renewal note was still in his possession.

Hoag v. Wade.

*Held*, that he could not recover, or be allowed his counter claim for the money lent, without producing the note and cancelling it upon the trial. His mere offer to produce it, and to give a bond to protect the plaintiff from any suit or claim based thereon, was not sufficient; nor did his production of the note to the justice, seven days after the trial, aid his claim in any manner—the plaintiff was entitled to have the note produced and cancelled at the trial.

APPEAL by plaintiff from a judgment of the Third District Court. The facts are fully stated in the opinion of the court.

*Samuel C. Gerow*, for the appellant.

*Samuel Williams*, for the respondent.

By the Court, HILTON, J.—The plaintiff sued to recover for services rendered. The defendant set up a counter claim for $50, arising from money lent, for which, at the time of the loan, the defendant gave his note, and also a watch, as collateral security. It appears that the plaintiff made application for the loan to the witness Cox, who was in the defendant's employ; and the check for the money was drawn by Cox and signed by the defendant. When the note became due, the plaintiff applied to the defendant to renew it, and he was told that "Cox would do the business." He then went to Cox and gave a renewal note, taking up the one first given.

The defendant was examined at the trial on his own behalf, and, upon being shown the note first given, said, he never to his recollection saw it before; but added "I got a note of $55, which Mr. Cox said Hoag gave him;" and, in a subsequent part of his testimony, stated that the plaintiff "gave Cox the watch, and Cox handed it to me (defendant) to see what it was worth," and "I have not got any note in my hands as security."

From the whole testimony it is manifest that Cox acted throughout the transaction as the agent of the defendant, and the objection of the plaintiff to the allowance of the counter claim, unless the renewal note was produced in court and cancelled on the trial, was well taken. The defendant's offer to procure and surrender

the note, and give a bond to protect the plaintiff from any suit or claim based upon it, did not obviate this objection; and the subsequent production, by the defendant, to the justice, seven days after the trial, of a note of the plaintiff's, did not aid the defence in any manner, or operate so as to deprive the plaintiff of his right to have the note, upon which the counter claim was founded, produced by the defendant on the trial, and cancelled upon the allowance of the counter claim. *Burdick* v. *Green,* 15 John. 247 ; *Raymond* v. *Merchant,* 3 Cow. 147; *Hughes* v. *Wheeler,* 8 Id. 77.

For these reasons the justice erred in allowing the counter claim ; and the judgment in favor of the defendant must be reversed.

Judgment reversed.