## Case No. 13,294.

### In re STANSFIELD.

[4 Sawy. 334;[1] 16 N. B. R. 268.]

District Court, D. Nevada. Sept. 25, 1877.

BANKRUPTCY—PROVABLE DEBT—JUDGMENT—DISCHARGE—EFFECT OF—OPPOSING DISCHARGE.

1. Where an assignee permits a foreclosure suit, pending at the time bankruptcy proceedings are begun, to go to final decree without intervening, he agrees to that mode of ascertaining the value of the property subject to the mortgage lien, and the amount of the debt the creditor may prove. After a sale under the decree and the application of the proceeds to its payment, the unpaid balance is a provable debt.

2. A judgment recovered pending the bankruptcy proceedings, in a suit begun before and based upon a provable debt, is itself provable.

[Cited in Boynton v. Ball, 121 U. S. 468, 7 Sup. Ct. 984.]

[Cited in Wells v. Edmison (Dak.) 22 N. W. 501; Leonard v. Yohnk, 68 Wis. 587, 32 N. W. 702.]

3. A creditor having such a judgment or unpaid balance of a decree, has an interest in the question of discharge and a right to be heard thereon.

4. Such judgment and unpaid balance will be released by a discharge duly granted to the bankrupt judgment debtor.

This is a motion to dismiss the specifications filed in opposition to the bankrupt's discharge, upon the ground that the opposing creditor has not a provable debt, and consequently no interest in the question of discharge. The petition for an adjudication was filed against the bankrupt May 21, 1874. With his own consent he was adjudged a bankrupt the same day. At the time the

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

petition was filed two suits were pending against Stansfield, wherein J. H. Rice was plaintiff. Both suits were begun April 30, 1874. One was a foreclosure suit, and the other an action at law upon promissory notes. In the latter suit Stansfield appeared and filed a demurrer May 11, 1874, which having been overruled, and he failing to answer within the time allowed, judgment upon his default was entered against him July 27, 1874. In the former suit William Stansfield and wife appeared and demurred May 11, 1874. The demurrer was overruled and a final decree entered July 30, 1874. The mortgaged property was sold under the decree, and after applying the proceeds to the payment of the debt of Rice, an unpaid balance remained of over $7000. The decree directed that the unpaid balance should be docketed upon the coming in of the sheriff's return, and the plaintiff have execution therefor. By section 5119 of the Revised Statutes, the discharge releases the bankrupt from all debts which were or might have been proved against his estate. The debts for which the decree and judgment were rendered were provable, and had they not been put into judgments would have been barred by the discharge; except, of course, that Rice would have had the proceeds of the mortgaged property to apply to the payment of one of them.

Lewis & Deal, for the motion.
Charles N. Harris, opposed.

HILLYER, District Judge. Treating the balance docketed in the foreclosure suit as substantially a judgment (1 Comp. Laws Nev. § 1309), the question upon this state of facts is, whether the bankrupt's certificate, if obtained, will discharge these judgments of Rice?

And this involves an inquiry as to whether the debts which did exist at the filing of the petition in bankruptcy, upon which the judgments are based, are so merged in the judgments that they can no longer be said to be "debts due and payable from the bankrupt at the time of the commencement of proceedings in bankruptcy." Section 5067. Are the judgments new debts, or the old debts in a new form?

In England, the cases all agree that against such judgments the defendant may have relief by motion for a perpetual stay of execution, which is always granted. Bouteflour v. Coates, Cowp. 25; Blandford v. Foote, Id. 138; Willett v. Pringle, 2 Bos. & P. (N. R.) 193, and many others. But, as an English statute formerly prescribed this relief, the cases, it is said, come with less authority than they otherwise would. Clark v. Rowling, 3 N. Y. 216.

In America, a decided weight of authority holds that, to do justice, the courts will look behind the judgment in cases like the present, and if the debt upon which it is founded would have been barred, the judgment is barred.

All the authorities agree that the cause of action is merged in the judgment, and can never be the basis of another suit between the same parties.

But, while adhering to this doctrine, all of our state courts, except those of Maine and Massachusetts, recognize the limitation to it, that the judgment procured pending the question of discharge is discharged when the cause of action would have been. Cases directly in point are: Ewing v. Peck, 17 Ala. 339; Imlay v. Carpentier, 14 Cal. 173; Dresser v. Brooks, 3 Barb. 429; Clark v. Rowling, supra; Fox v. Woodruff, 9 Barb. 498; Downer v. Rowell, 26 Vt. 397.

Other cases, involving the same principle, hold that the courts will look behind the judgment to see whether the debt is one which the discharge would release, and give relief to the debtor or creditor as justice shall require. Betts v. Bagley, 12 Pick. 572; Owens v. Bowie, 2 Md. 457; Bostwick v. Dodge, 2 Doug. [Mich.] 331; Parks v. Goodwin, 1 Man. [Mich.] 35; Wyman v. Mitchell, 1 Cow. 316; Raymond v. Merchant, 3 Cow. 147.

The result of the cases is thus stated by Mr. Freeman in his work on Judgments (section 245): "It has been uniformly held that whenever a cause of action, existing at the time of filing the debtor's petition, was of such a nature that the discharge would have affected it, any judgment recovered thereon prior to the decree of discharge will be affected to an equal extent, and that within the meaning of those laws (bankrupt and insolvent laws) such judgments are never to be regarded as new debts, arising subsequently to the filing of the petition."

Opposed are cases in Maine and Massachusetts upholding the technical doctrine of merger, and refusing to recognize the limitation or exception to the doctrine which has been stated above. Bradford v. Rice, 102 Mass. 472, and cases cited; Pike v. McDonald, 32 Me. 418; Uran v. Houdlette, 36 Me. 15.

In the courts of the United States the decisions since the passage of the present bankrupt act [of 1867; 14 Stat. 517] are not uniform. Supporting the doctrine that the debt is not merged in the judgment, so as to defeat the operation of the discharge, are the following cases: In re Brown [Case No. 1,975]; In re Vickery [Id. 16,930]; In re Crawford [Id. 3,363]. Opposing are In re Leibenstein, [Case No. 8,218]; In re Williams [Id. 17,705]; and In re Gallison [Id. 5,203].

Prior to the present bankrupt act an almost unbroken current of authorities sustains the doctrine that judgments obtained pending the bankruptcy proceeding, and before the bankrupt receives and has an opportunity to plead his discharge, are affected by the discharge just as the debts upon which they are founded would have been. The only doubt, now, arises in dealing with section 5106 of the bankrupt act, which provides that pending suits against him shall be stayed, upon the application of the bankrupt.

Does the fact that the bankrupt may have a stay of pending suits until the question of his discharge is decided, amount to an opportunity of pleading his discharge, so that a neglect to apply for a stay is a neglect to avail himself of a defense to the suit? The affirmative of this proposition is maintained forcibly in the above cited cases of Bradford v. Rice and In re Gallison. I am not, however, satisfied that the privilege given the bankrupt in section 5106 should have the effect of overturning the general rule, that a judgment obtained as those of Rice were is released, if the debt would have been.

It was at one time thought that, upon the bankruptcy of the owner of the equity of redemption pending a foreclosure suit, no decree could be entered until the assignee was made a party. The supreme court have declared the law to be otherwise. If the assignee chooses to let the suit proceed, he stands as any purchaser pendente lite would. Eyster v. Gaff [91 U. S.] 521. The fact that the title was cast upon him by operation of law is unimportant.

Whenever it is apparent that the value of the mortgaged property is less than the just claim against it, the assignee will have no interest to intervene, and will let the suit proceed. Since the decree will be valid without him, the plaintiff will have no motive for making the assignee a party. The decree will be valid to establish the amount due the creditors and give a good title to the purchaser thereunder.

In the suit of Rice, to foreclose his mortgage, it is not likely the bankruptcy court would have stayed proceedings, on the application of the bankrupt, in the absence of any action by the assignee, except to stay the execution for the balance remaining unpaid after the sale of the mortgaged premises.

Under section 5075 the value of the mortgaged property must be ascertained, either by agreement between the creditor and the assignee or by sale under the direction of the court.

When the assignee permits a pending foreclosure suit to go to final decree, without intervening, he must, in my judgment, be held to have agreed to that mode of ascertaining the value of the property subject to the lien of the mortgage, and the amount of the debt the creditor may prove. After a sale under the decree and the application of the proceeds to the payment of the creditor's secured debt, the balance, whether docketed as the statute of Nevada permits or not, is a provable debt.

In reference to the other judgment in the action of assumpsit, it appears to me that, although the bankrupt might have had a stay of proceedings by applying to the proper court therefor, yet his failure to do so does not invest the judgment rendered with any other qualities than it would have had if the suit had proceeded by leave of the bankruptcy court; that is, to fix the amount upon which the judgment creditor should receive dividends. The right to a stay is a qualified one. If the amount of the debt is in dispute leave may be given to proceed to judgment. If the amount is not in dispute there is no need of proceeding with the suit to fix it; but if, nevertheless, the suit is permitted by the court, the assignee and the bankrupt go on to judgment without objection, the only effect of it is to fix the amount of the provable debt.

That appears to be the view taken by the supreme court in Norton v. Switzer [93 U. S.] 355. The suit was assumpsit, brought by Switzer at first against John and Mary Hein. Pending the suit, upon the suggestion of Switzer that the defendants had taken the benefit of the bankrupt law, and that Norton was their assignee, the district court of Louisiana ordered Norton to be made defendant, in his capacity of assignee, in the place and stead of the Heins.

Process was personally served on Norton, but he failed to appear, and judgment was rendered against him. This judgment was affirmed by the supreme court of the state, and taken by Norton to the supreme court of the United States.

Upon these facts it was held that the state court had jurisdiction to pronounce the judgment, but that the only effect of it was to establish the amount due Switzer as a basis for dividends. Speaking of the provisions of the bankrupt act in this connection, and specially of section 5106, the court uses this language: "Actions pending in favor of a creditor * * * at the time the debtor is adjudged bankrupt under the present bankrupt act, if no objection is made by the assignee or the bankrupt court, may, due notice being first given to the assignee, be prosecuted to final judgment to ascertain the amount due to the creditors; but the judgment will be effectual and operative only to establish the validity and amount of the claim. Notice in due form having been given to the assignee, the judgment may be filed with him as an ascertainment of the amount due to the creditor and as a basis of dividends, but it is effectual and operative only for that purpose." So far as appears in the case, the bankrupts did not apply for any stay of proceedings, nor did the creditor get leave of the bankruptcy court to proceed for the purpose stated in section 5106. And I understand the court to hold that a judgment in favor of a creditor, pending the bankruptcy proceedings in a suit begun before, has only the limited operation stated, although the bankrupt may have failed to apply for a stay, and no express leave of the bankruptcy court was given to proceed in the suit to judgment. In other words, the fact that the judgment is rendered under such circumstances, of itself, makes such judgment special in its character under section 5106.

The failure of the assignee or the bankruptcy court to object amounts to leave to go on with the suit to judgment. Qui tacet consentire videtur.

Following what I conceive to be the law

as declared in Norton v. Switzer [supra], I must hold the only effect and operation of the judgment rendered in the action of assumpsit in favor of Rice to be to establish the amount of his claim as a basis for dividends. As a consequence the judgment is a provable debt, will be released by a discharge duly granted to Stansfield, and Rice is a creditor having such interest in the question of discharge as entitles him to be heard thereon. Motion overruled.