GEORGE W. LORD, Respondent, *v.* HERMAN KOENIG, Appellant.

### July 1, 1879.

In a suit before a justice, where the plaintiff files a statement showing a balance due on account, and on trial anew in the Circuit Court it appears that the balance was due on a note, and that the plaintiff had offered, at the

trial before the justice, to return the note, the failure to file the statement is not ground for a dismissal of the suit, and the statement will warrant a recovery.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

Louis Gottschalk and G. H. Hospes, for appellant.

J. D. Foulon, for appellant.

Lewis, P. J., delivered the opinion of the court.

Plaintiff sued before a justice of the peace on an open account, as follows : —

" *Herman Koenig, to Geo. W. Lord, Dr.*

" To balance due on account of money loaned, sixty dollars."

At the trial in the Circuit Court, upon defendant's appeal, it appeared that the plaintiff had loaned money to defendant, taking his note secured by deed of trust ; that after a sale of property under the deed, and the application of the proceeds, there remained due on the note $60, which is the sum sued for ; that, at the trial before the justice, plaintiff offered to surrender the note to defendant, who refused to receive it. The Circuit Court refused to sustain a demurrer to the evidence, and rendered judgment for the plaintiff.

In suits before justices of the peace, it is sufficient if the statement of the cause of action filed apprise the defendant of the nature of the plaintiff's demand with such certainty that a second suit cannot be maintained for the same cause of action. It has been repeatedly held that a failure to file the instrument sued on is no ground for a dismissal of the suit, but will at most only entitle the defendant to a continuance. In this case the plaintiff's claim against the defendant was for money loaned. The note was evidence of indebtedness, but did not, remaining unpaid, operate to extinguish the original demand in the absence of an express agreement to that effect. *Steamboat v. Lumm,* 9 Mo. 63 ;

*Hughes* v. *Wheeler*, 8 Cow. 77. When the plaintiff pro-
duced the note and offered to surrender it to the defendant,
he made ample provision against the possibility of a second
suit upon the note. Substantial justice was thus secured to
the defendant. In such cases, the uniform course of adju-
dication is unfavorable to the operation of naked technicali-
ties in proceedings originating before justices of the peace.
All the judges concurring, the judgment is affirmed.