<hr />

## HUNT *against* BROOKS.

THE plaintiff recovered a judgment against the defendant, in *August*, 1804, on which a *test. fi. fa.* was issued, and returned in part satisfied. A *test. cap. ad sat.* was thereupon issued, on which the defendant was imprisoned from 1805 to *June*, 1808, when, on application to the Court of Common Pleas, he was discharged from imprisonment, pursuant to " the act for the relief of debtors with respect to the imprisonment of their persons." (1 *N. R. L.* 348. sess. 36. ch. 81.) And on the 7th of *February*, 1812, the defendant was discharged from his debts, by virtue of the " act for the benefit of insolvent debtors and creditors," passed *April* 3d, 1811. On the 1st of *March*, 1819, the plaintiff caused an *alias test. fi. fa.* to be issued and delivered to the sheriff of *Madison* county, by which the sheriff levied on the personal property of the defendant to the value of fifty dollars ; and the sheriff also levied on the real estate of the defendant. After the return of the *alias test. fi. fa.* a *venditioni exponas* was issued and delivered to the sheriff. In *May*, 1819, application was made to the Court to set aside the *alias test. fi. fa.* on the ground of the discharges of the defendant under the acts above mentioned, but the Court, in *August* following, denied the motion,(*a*) and allowed the plaintiff to amend his execution. In *October* term last, the defendant made a second application to the Court to set aside the execution, and for leave to issue an *audita querela*. The Court granted leave to issue an

*Where a defendant had been discharged, under the act of 1801, for the relief of debtors with respect to the imprisonment of their persons, and afterwards under the act for the benefit of insolvent debtors and their creditors, passed 3d of April, 1811, and the plaintiff, notwithstanding the discharge under the last-mentioned act, issued a fi. fa. on the judgment, under the provisions the first act; the Court refused to set aside the execution, leaving the defendant to his audita querela, but not allowing it to operate as a supersedeas to the execution ; or to stay the proceedings on the execution pending the audita querela.*

(*a*) On the ground and for the reasons stated in *Roosevelt* v. *Cebra,* (17 *Johns. Rep.* 108.)

NEW-YORK,
May, 1820.

HUNT
v.
BROOKS.

*audita querela,* but not to operate as a supersedeas to the execution. The defendant brought a writ of error on the decision of the Court, denying his application to set aside the execution. This writ of error was, in *March* last, quashed in the Court for the Correction of Errors, but without expressing any opinion on the merits of the case, on the ground, that no writ of error would lie on such an *order* of this Court; and that the proper remedy was by *audita querela.*(a) The defendant accordingly sued out a writ of *audita querela,* which was presented to this Court and allowed, and a *venire facias* was issued thereon.

*S. Jones, jun.,* for the defendant, on the ground of these proceedings, now moved for a *supersedeas* to the *venditioni exponas,* directed to the sheriff of *Madison* county, or for such other relief as this Court should think proper to grant. The affidavit of the defendant stated, that he was informed and believed, that the plaintiff was in embarrassed circumstances, and that he would be unable to refund to the defendant the amount of real and personal property which had been levied on under the execution, in case a sale thereof should be made. But this allegation was denied by the plaintiff's affidavit.

*Jones* said it was the usual course, on allowing and filing the *audita querela,* for the Court to supersede the execution, or, at least, to order a stay of all proceedings thereon pending the action of *audita querela.* (2 *Crompt. Pr.* 426.) If the property should be sold under the execution, and the money paid over to the plaintiff, the defendant would be without remedy.

*T. A. Emmet,* contra.

*Per Curiam.* The Court, in *October* term, when they allowed the defendant his *audita querela,* decided that it should not operate as a *supersedeas* to the execution. We did not mean to set aside or stay the execution. This is a re-

(a) Vide S. C. *in Error, vol.* 17.

newal of the same application. The motion must be denied.