## BANGS & OLCOTT *vs.* J. & N. STRONG.

Where the defendant, after judgment recovered, instituted proceedings in bankruptcy and obtained his discharge, after which the plaintiff issued execution, which was levied on the personal property of the defendant, who moved to set it aside on the ground of his discharge, and the plaintiff in opposing shewed facts tending to prove that it was fraudulently obtained; the court *ordered* that the execution be set aside, unless the plaintiff in a given time would bring an action on the judgment to enable the defendant to set up the discharge; and on his doing so, the execution and levy to stand as, security, but proceedings on them, in the mean time, to be stayed.

N. HILL, JR., in behalf of Joseph Strong, one of the defendants, moved to set aside two executions which had been issued upon the judgment in this cause; this defendant having obtained a discharge under the bankrupt act since the recovery of

the judgment. The judgment was docketed in October, 1838, for $50,000 of debt and $63,97 damages and costs; and there remained unpaid, at the time of making the motion, between nine and ten thousand dollars besides interest. The defendant, J. Strong, presented his petition to the district court to be declared a bankrupt, in August, 1841; and on the 13th September, 1842, obtained a discharge and certificate exonerating him· from all debts owing by him at the time of the presentation of his petition. Executions to two counties were issued in April last, and certain personal property which the defendant claimed to have acquired since his discharge was levied on, and is now held by the sheriffs.

*E. P. Smith*, for the plaintiffs, read several affidavits tending strongly to shew that the defendant had been guilty of fraud and of wilful concealment of his property; that he had made fraudulent preferences and admitted fictitious debts, and that there was no real estate bound by the judgment.

*Hill*, to shew that the validity of the discharge could not be tried on affidavit, cited *Cole* v. *Stafford*, (1 *Caines*, 249;) *Reed* v. *Gordon*, (1 *Cowen*, 50;) *Noble* v. *Johnson*, (9 *John. R.* 259;) *Russell* v. *Packard*, (9 *Wend.* 431.)

*By the Court*, JEWETT, J. It is true, as the defendant's counsel insists, that the discharge is *prima facie* an extinguishment of the judgment, as to this defendant; but the act expressly provides that it may be *impeached* for fraud or wilful concealment, &c. (*Bankrupt act*, § 4.)

The cases to which the defendant's counsel has referred, establish the principle, that the validity of such discharges cannot be determined upon affidavits. They are all cases where the defendant was in custody on mesne or final process, or where he had been surrendered by his bail. I am entirely satisfied with the doctrine which they establish; but they do not deny to this court the power to afford the creditor an opportunity to establish his allegations in a more formal way, and in the mean

time to secure to him, as far as may be practicable, the fruits of the litigation, in case he shall be successful. Enough is shewn, by the affidavits on behalf of the plaintiffs, to induce a reasonable belief that the charges of fraud can be established. Where circumstances are shewn raising suspicion that the certificate was obtained by fraud, the English courts do not discharge a defendant arrested on mesne process, upon filing common bail. (*Vincent* v. *Brady*, 2 *H. Black.* 1; *Stacey* v. *Federici*, 2 *Bos. & Pul.* 390.)

To carry out the views suggested, a rule will be entered that the motion be granted, unless the plaintiffs shall within sixty days bring an action on the judgment; the defendants to have leave to plead in that suit any matter of defence, except the issuing and levying of the executions mentioned in the affidavits; and if such suit is brought, the executions and the levy under them to remain as a security to await the result; and in the mean time, all further proceedings on the executions to be stayed.

Ordered accordingly.