*William W. Alcott et al.* v. *Elias Avery et al.* A. Taber, for appellant; H. R. Selden, for respondents. Appeal from an order of the vice chancellor of the eighth circuit. Subsequently to the entry and docketing of the decree for the deficiency in this case, Avery, one of the defendants, applied for and in March 1843 obtained a discharge under the bankrupt act. In November 1845 the complainants, without any previous application to the court for leave to take out execution against Avery or his property, issued a *fi. fa.* against the real and personal estate of both defendants generally; including the real estate of which they were seized when the decree was docketed, in January 1840, or at any time since. Under that execution the sheriff levied upon the personal property of the defendant Avery which he had acquired subsequent to his discharge. Avery thereupon applied to have the execution set aside as against him, and for a perpetual stay of proceedings against him upon the decree, &c. In opposition to this motion the complainants produced affidavits tending to show that Avery's discharge was procured by a fraudulent concealment of his property. The vice chancellor directed a reference to a master to take proof of the facts and circumstances stated in the affidavits ; reserving the decision of the questions involved in Avery's application until the coming in of the master's report.

Bankrupt discharge obtained after decree; effect of ; and how to be taken advantage of. The chancellor decided that where a suit is commenced against a bankrupt subsequent to his discharge, it is his duty to set it up as a defence so as to give the adverse party an opportunity to impeach it for fraud, if he wishes to do so. And that he must also set up the discharge in a suit pending against him at the time it is obtained, as a bar to the further continuance of the suit to obtain satisfaction of the debt of him personally, or out of his future acquisitions ; provided the situation of the suit is such as to enable him to set up such defence.

That in cases of that kind the court will not relieve the bankrupt on motion where he has lost the benefit of the discharge by his own neglect. But that where a judgment or decree obtained subsequent to the discharge would be binding on the defendant and his property, although he has had no

opportunity to set up such discharge, the court, upon a summary application, will give him relief.

That it is irregular to issue an execution upon a judgment or decree which is prima facie no longer in existence as a subsisting debt against the defendant or his property, without a previous application to the court and upon due notice to the discharged bankrupt.

Irregular to issue execution on a decree against a bankrupt.

That the appropriate remedy of a complainant, in a suit in this court, where he wishes to contest the validity of the defendant's discharge under the bankrupt act, and to obtain satisfaction of his decree out of his subsequently acquired property is to file a supplemental bill stating the obtaining of the decree, the alleged or pretended discharge of the defendant, and the fraud which renders it invalid ; and praying that the decree may be carried into full effect against the defendant and his property notwithstanding his alleged discharge. And that if the complainant wishes to protect and preserve his lien upon the defendant's subsequently acquired real estate against those who might become bona fide purchasers thereof without notice of the alleged invalidity of the defendant's discharge, he may file a notice of the pendency of such supplemental suit, in the county clerk's office, as required by the statute.

Methods of contesting validity of defendant's discharge as a bankrupt.

And *it seems* that in a proper case this court might also allow the complainant to proceed by petition, for leave to take out execution upon the decree ; setting out in such petition, the fraud which renders the alleged discharge invalid, and giving due notice to the defendant of the time and place of presenting such petition, and serving a copy thereof upon him ; as, upon such a petition, if the alleged fraud was denied, the court could award an issue, or refer it to a master, to ascertain whether the fraud charged had been committed.

Order appealed from reversed, and execution set aside as to appellant ; but without prejudice to the right of the complainants to contest the validity of the alleged discharge of the defendant as they may be advised. With leave to complainants, also, to file a supplemental bill to carry the original decree into effect notwithstanding the discharge ; or to apply to the vice chancellor, by petition, for leave to take out an execution against the appellant on such decree.

No costs allowed to appellant, either upon the appeal, or upon the motion to the vice chancellor.

*Isaac Havens* v. *Lester Bradner, president of the Bank of Dansville.* M. T. REYNOLDS, for appellant; JOHN YOUNG, for the respondent. Order of the vice chancellor affirmed, with costs, and proceedings remitted.

*John A. McCosker, an infant, by his friend* v. *John R. Brady et al.* H. F. CLARK, for appellants; C. O'CONOR, for respondent. Decretal order of the vice chancellor of the first circuit overruling demurrer, affirmed, with costs to be paid by appellants respectively upon their several appeals. Proceedings remitted.

Costs in fore-closure suits; where suit is settled before answer or a decree pro confesso.

*Daniel J. Shaw* v. *James A. McNish et al.* J. THOMAS, for complainant; O. L. BARBOUR, for defendants. Application for retaxation of costs in a foreclosure suit. The bill was filed against the mortgagor and his wife, and fifteen other persons who were made parties as having some interest in or lien upon the mortgaged premises subsequent to the date of the mortgage. Soon after the service of the subpœnas and before the bill had been taken as confessed against any of the defendants, Swain, one of the defendants, paid to the complainant's solicitors the amount claimed to be due upon the mortgage, and offered to pay the taxable costs. The complainant claimed to have the costs taxed at the rate fixed by statute in foreclosure suits, where the bill has been taken as confessed against all of the defendants. The defendants' solicitor, on the contrary, insisted that the complainant was only entitled to the costs of the services which had been actually performed, and at the allowance fixed by the fee bill; and that he should not be allowed for the costs of proceedings against several of the defendants who had no interest in or lien on the mortgaged premises and who were unnecessarily and improperly made parties. The vice chancellor of the seventh circuit who taxed the costs, allowed $30, for the solicitor's fees as to the two first defendants, and $2,50 for each of the other defendants, in addition to the disbursements; although it exceeded the amount of the taxable items according to the general fee bill.