SORDEN *v.* GATEWOOD.

| 1 | 107 |
| 127 | 348 |
| 1 | 107 |
| 137 | 418 |

A defendant who pleads his discharge as a voluntary bankrupt, to defeat a suit brought against him for the recovery of a debt existing at the time of the passage of the bankrupt act, must also show that the debt is not within the exceptions of the act.

Deed of conveyance to *A.* during her natural life, and to her children and assigns forever. *Held,* that, there being no words of inheritance in the conveyance, and the words "her children" being words of purchase and not of limitation, the rule in *Shelley's* case does not apply, and a fee simple was not vested in her.

ERROR to the *Shelby* Circuit Court.

PERKINS, J.—*Scire facias* in 1846, to obtain an award of execution upon a judgment rendered in *February,* 1840. Plea, a discharge obtained by the defendant, as a voluntary bankrupt, under the act of congress of 1841, in the District Court of the *United States,* for the district of *Indiana.* Replication, that, before and at the time of the alleged decree in bankruptcy, "he, the said *Gatewood,* defendant, was seized of one equal undivided seventh part of the south east quarter of section 33, in township 13 north, of range 7 east, containing 160 acres, situate in the county of *Shelby, Indiana,* as follows, to-wit: One *John Higbee,* being seized in fee simple of said tract of land, conveyed it, for a consideration, by deed dated *May* 25, 1833, to one *Sarah Gatewood,* during her natural life, and to her children and their assigns forever, to have and to hold the said tract of land, to the said *Sarah* during her natural life, and to her children and their assigns forever. And the said plaintiff avers that said defendant is one of the seven children of said *Sarah,*" &c. General demurrer sustained to this replication, and final judgment for the defendant.

There being no words of inheritance in the conveyance described in the replication, and those used, "her children," being words of purchase and not of limitation, the rule in *Shelley's* case does not apply, and a fee simple was not vested in *Sarah Gatewood.* She took an estate for life, and her children a vested remainder, whether for

life or in fee, it is immaterial now to inquire.  2 Blackf. 115.—4 Kent, 201, 205.—14 Petersdorf, 223, 224.—1 Hill. Ab. 630.—*Greenwood* v. *Rothwell*, 5 M. and G. 628.—*Sisson* v. *Seaberry*, 1 Sumn. 235.—*Doe* v. *Provost*, 4 Johns. 61. That remainder was subject to execution and the lien of the judgment.—4 Kent, *supra*.—1 Hill. Ab. 495.  If then, admitting the defendant personally discharged from the debt by his bankruptcy, that lien could be enforced by *scire facias* and execution in the state Court, the replication was a good answer to the plea.  It would seem from *White* v. *Hamilton*, 1 Yates 183; *Livingston* v. *Livingston*, 2 Caines, 300; *Bangs* v. *Strong*, 1 Denio 619; *Russel* v. *Cheatham*, 8 S. and M. (Miss.) 703; and *Davenport* v. *Tillon*, 10 Met. 320, that it might be so enforced; but it is not necessary that we should, and we do not, here decide the points.  The demurrer reached the plea, and it being bad, the plaintiff was entitled to judgment on the demurrer to the replication.  The plea did not show that the defendant was personally discharged from the judgment.

The first section of the bankrupt act of 1841, provided that "all persons residing," &c., "owing debts which shall not have been created in consequence of a defalcation," &c., "or as executors," &c., "or while acting in any other fiduciary capacity, who shall, by petition," &c., may be decreed bankrupts.—U. S. Statutes at Large, Vol. 5, p. 440. In construing this section, the Supreme Court of the *United States, Chapman* v. *Forsyth, et. al.,* 2 How., say that "the debts here specified are excepted from the operation of the act;" that "the exception applies to the debts and not to the person if he owe other debts;" that "it was proper that congress should not relieve from debts which had been incurred by a violation of good faith, while from other obligations a full discharge to the same person should be given," and "that this consideration influenced the legislature, is shown by the fourth section, which provides that no person who, after the passage of the act, shall apply trust funds to his own use, shall be discharged."

This section of the act, then, entitled all persons com-
plying with certain conditions, to be discharged as bank-
rupts from all their debts except such as were contracted
under particular circumstances. It follows, according to
established rules of pleading, that a defendant who relies
upon his discharge as a voluntary bankrupt, to defeat a
suit brought against him for the recovery of a debt exist-
ing at the passage of the act, must show that that debt is
not within the exceptions of the act. See *Sackett* v. *An-
dross*, 5 Hill. (N. Y.) 327.—*Stephens* v. *Ely*, 6 *id*. 607.—*Var-
num* v. *Wheeler*, 1 Den. 331.—*Maples* v. *Burnsides, id*. 322.
The plea in this case did not show that the debt in ques-
tion was not an excepted one.

*Per Curiam.*—The judgment is reversed. Cause re-
manded, &c.

*J. Morrison* and *S. Major*, for the plaintiff.

*H. O'Neal*, for the defendant.