## IMLAY v. CARPENTIER et als.

A DISCHARGE in insolvency of a debt is equally a discharge of a judgment on that debt and the costs, rendered between the time of filing the petition and schedule and the time of final discharge.   The judgment is simply the original debt in a new form.

Relief against such judgment may be by motion to discharge it, unless there be suspicion of fraud in the release of the insolvent.

Even if fraud be alleged in answer to the motion, the Court can frame issues and try and determine the same with or without a jury.   No formal action is necessary.

Relief, in such case, may also be granted by a perpetual stay of execution, or by setting it aside, or by any other order requisite to protect the rights of the parties.

The remedy at law being ample, equity will not aid.

APPEAL from the Third District.

*John A. Lent*, for Appellant, argued : That there was no remedy at law, because the term at which the judgment was rendered had passed, and a motion to set it aside would not lie ; and that an appeal would be ineffectual, because the record could show no error, the judgment being by default on a note.

*H. K. W. Clarke*, for Respondent, argued : That plaintiff, having had an opportunity to defend in the original suit, or to move to vacate the judgment, or appeal from it, and having neglected his rights, is now without remedy.   (*Phelps* v. *Peabody*, 7 Cal. 51 ; *Pico* v. *Suñol*, 6 Id. 294 ; *Bellamy* v. *Woodson*, 4 Geo. 175 ; 2 Story's Eq. 887, 894—896.)

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action to set aside a judgment and execution. The complaint was demurred to, and the appeal is from an order sustaining the demurrer and dismissing the complaint. The action is based upon the following facts: The defendant, Carpentier, in the month of January, 1858, commenced a suit against the plaintiff, upon a promissory note, executed on the 4th of May, 1857, and recovered a judgment by default, for the amount of such note, and the costs of the suit. During the pendency of this suit, and about ten days anterior to the judgment, the plaintiff instituted proceedings in insolvency, in pursuance of the provisions of the Act of May 4th, 1852, for the relief of insolvent debtors and protection of creditors, and was afterward duly released and discharged from all his debts and liabilities, including his said debt to the defendant, Carpentier. An execution was subsequently issued upon the judgment, and levied upon the property of the plaintiff.

We agree with the Court below, that the complaint does not disclose sufficient equity to entitle the plaintiff to maintain this action, but as that Court based its decision upon the general ground of a want of equity, and as we think the plaintiff entitled to relief in some form, it is proper for us to examine the whole subject, without reference to any specific objection to the complaint, and to indicate what we deem to be the correct practice in such cases.

The question to be first disposed of, relates to the effect upon this judgment of the discharge of the plaintiff as an insolvent debtor. The statute limits the discharge to such debts and liabilities as were owing at the time of the application, and named in the schedule attached to the petition; and it is contended that this judgment is not within the operation of the discharge, for the reason that it did not exist at the time of the application, notwithstanding the debt upon which it was recovered was specially set forth in the schedule, and included in the discharge. This provision of our statute is not peculiar, and the authorities upon the question involved in the proposition contended for, are numerous and pointed.

In England, such debts only are affected by a discharge in

bankruptcy, as were due and owing at the date of the commission. It is, however, the settled doctrine of the English Courts, that a judgment recovered against a bankrupt after the issuance of the commission, and before he obtains his discharge, upon a pre-existing indebtedness, occupies the exact position of the original debt, and is equally within the purview and operation of the discharge. *Blandford* v. *Foote*, (1 Cowp. 138,) is a case in point. The defendant had been arrested in a suit upon a judgment recovered against him after he had committed an act of bankruptcy, and a commission had issued. An order was made requiring the plaintiffs to show cause why he should not be discharged under the provisions of the Bankrupt Act. Mr. Mansfield, who appeared for the plaintiffs, insisted "that the judgment upon which the defendant had been taken—being subsequent to the commission sued out—the defendant was not within the favor of the statute, which expressly relates to any debt or debts due, or contracted, before such commission issued, and to such debts only." Mr. Baldwin, *contra*, contended that "the defendant ought to be discharged; though the judgment was signed after the commission issued, yet the cause of action was antecedent to the commission, and therefore within the intention of the statute." Lord Mansfield, in ordering the discharge of the defendant, said : "The only doubt that can arise in this case is with respect to the interest and costs accrued since the bankruptcy; but I think they stand upon the same foundation as the original debt which was clearly due before the bankruptcy, and therefore, equally within the benefit of the statute." Mr. Justice Willes was of the same opinion, and referred to a similar case, which was decided in the same way, with the concurrence of the whole Court.

The same principle has been decided in many other cases. (See *Bouteflouer* v. *Coates*, 1 Cowp. 25 ; *Dinsdale* v. *Evans*, 2 Bro. & Bing.; *Scott* v. *Ambrose*, 3 Maule & Selw. 326 ; *Willett* v. *Pringle*, 5 Bos. & Pul. 193.) If there is any English case in which a contrary doctrine is maintained, it has escaped our attention.

In this country a similar question has frequently arisen in the different State Courts, and while the decisions have not been uniform, the preponderance of authority is largely in favor of the English rule.

*Dresser* v. *Brooks*, (3 Barb. 429,) was an action of debt upon a judgment recovered in an action of assumpsit, in the Supreme Court of the State of New York.   The defendant interposed a plea in bar, setting up his discharge and certificate under the Bankrupt Act of the United States, of August, 1841.   The application for the benefit of the Act was voluntary, and the judgment was recovered intermediate the petition and discharge.   It was objected, that the plea was not sufficient, for although the debt existed when the petition was presented, the judgment which constituted a new and perfect debt in itself, was recovered afterward, and was not within the operation of the discharge, which was limited by the Act to such debts as were owing at the time of the application.   But the Court sustained the plea, and Gridley. J. in an able and well considered opinion, after citing numerous authorities, remarked, as follows : "Now, we are unable to perceive why the cases which we have cited are not entirely conclusive of two propositions : 1. That there is no merger and extinguishment of the original debt, in the judgment subsequently recovered, so as to prevent the certificate from discharging the judgment founded on such debt; and, 2. That the costs which are included in the judgment are accessorial to the debt, and are discharged with it.   It is true, that the questions in these cases arose on motions for relief.   But these decisions are just as conclusive authorities on the point in question, as if they had arisen upon the pleadings.   In both cases, the relief is granted, if at all, on the ground that the discharge is a bar to the judgment.   If it were not so, and if the old debt were not extinguished, and the judgment is to be regarded as an original debt, newly created, then there could be no relief on motion, or in any other way.   So that the only ground of relief must of necessity be, that the original debt still exists in the judgment, and that the judgment is but the original debt in a new form, and is therefore discharged by the certificate."

There are many other decisions in that State to the same effect.   (See *Alcott* v. *Avery*, 1 Barb. Ch. 347 ; *Johnson* v. *Fitzhugh*, 3 Id. 360; *Clark* v. *Rowling*, 3 Com. 216.)   And these cases are supported by numerous authorities in other States.   (*Ewing* v. *Peck*, Ala. 339 ; *Brown* v. *The Branch Bank of Montgomery*, 22 Id. 420; *Curtis* v. *Sloson*, 6 Barr, 265; *Parks* v. *Goodwin*, 1 Mann. 35; *Downer* v. *Rowell*, 26 Vt. 397.)

The opposing decisions are from Massachusetts and Maine, and proceed upon the technical doctrine, so pointedly repudiated in *Dresser* v. *Brooks*, that the original debt is merged and lost in the judgment, and that the judgment is a debt, newly created and conclusive in its nature, and is not affected by the discharge, because not existing at the commencement of the proceedings. The force of the reasoning and the weight of authority are against this view.

We conclude, therefore, that the plaintiff is entitled to relief, and the only remaining question is, in what form should such relief be sought? The writ of *audita querela*, was provided by the common law as a proper remedy, when matters of discharge had arisen after judgment. It was in the nature of an equitable remedy, and was frequently used, not only as a remedy for injuries already committed, but as a measure of preventive justice. This writ has long since gone into disuse, but its place has been supplied by the more speedy and simple, and the equally efficacious remedy, by motion. It might be improper, in a case like this, to discharge a judgment upon mere motion, if the release of the insolvent is tainted with suspicion of fraud. But we are not aware of any valid objection to such a course where no fraud is alleged. And even where fraud is relied upon as an answer to the motion, the Courts are clothed with ample powers to frame issues, and to try and determine the same, either with or without the intervention of a jury. A resort to a formal action would seem to be as unnecessary as it would certainly be expensive and dilatory.

But even if no such summary relief could be granted as against the judgment, the Court is invested with plenary power over the execution, and may set it aside, and order a perpetual stay, or make any other order in reference to it, required for the protection and preservation of the rights and interests of the respective parties.

In *Brown* v. *Branch Bank of Montgomery*, before referred to, the Court said: "All the authorities, both English and American, agree, that if an execution is issued after the defendant has obtained his certificate of discharge, he may set it aside by motion." In *Graham* v. *Pierson*, (6 Hill, 247,) the Court, on motion, granted a perpetual stay of execution. Judge Bronson, in de-

livering the opinion, said : "The judgment which the defendant recovered against Graham for cost, was a debt proveable under the Bankrupt Act, and is consequently reached by the discharge. If the defendant choose to bring a suit on the judgment, Graham can then plead his certificate. But, so far as relates to the execution now in the Sheriff's hands, or any other execution to be issued on the judgment, Graham has no means of availing himself of the discharge, except by motion." In *Parks* v. *Goodwin*, (*supra*,) where, between the argument of the cause in error and the decision of the Court affirming the judgment, the debtor was discharged in bankruptcy, the Court, on motion, granted a perpetual stay of execution. In *Bangs* v. *Strong*, (1 Denio, 619,) two executions were issued upon the judgment, and a motion was made to set them aside, based upon the discharge in bankruptcy of one of the defendants. The motion was opposed, and facts were stated tending to show that the discharge had been fraudulently obtained. It was ordered by the Court, "that the motion be granted, unless the plaintiffs shall, within sixty days, bring an action on the judgment; the defendants to have leave to plead in that suit any matter of defense, except the issuing and levying of the executions mentioned in the affidavits, and if such suit is brought, the executions and the levy under them to remain as a security to await the result; and, in the meantime, all further proceedings on the executions to be stayed."

In the case at bar, we think the plaintiff has an adequate remedy at law, and is not entitled to the assistance of a Court of Equity.

The order of the Court below dismissing the complaint, is affirmed.