## SMITH, EXECUTOR, *v.* MCCORMICK ET AL.

WILL.—*Election to take Real Estate or Money.*—A. made his will, giving to his two daughters eight thousand dollars each, which they or either of them might take in real estate not disposed of by will, at its fair value, or they might decline to take the same or any part thereof in real estate; if not taken in real estate, to be paid in money; and if necessary, in order to pay the same, the executor to sell real estate and pay the same; the said daughters to enjoy the use of the money bequeathed to each " during their natural lives and at their death to revert and descend to the heirs of their body."

*Held,* that the devisees were required to make an election whether they would take real estate or money, and the legacies were not payable in money until they declined to take real estate.

*Held,* also, that the title to the undevised real estat vested upon the death of the testator in his heirs at law, and the executor had no power to convey to the devisees the real estate by them or either of them selected.

*Held,* also, that a commissioner should be appointed to convey the lands selected, after the same had been appraised by suitable and competent persons appointed for the purpose.

*Held,* also, that the devisees would hold and possess the lands selected in fee simple, and the money paid them would be theirs absolutely.

From the Switzerland Circuit Court.

*W. M. Smith* and *L. O. Schrœder,* for appellant.

*W. D. Ward* and *J. B. McCrellis,* for appellees.

BUSKIRK, J.—On the 6th day of March, 1872, George Tardy died, leaving the following will:

" I, George Tardy, of Vevay, Switzerland county, Indiana, being of sound and disposing mind and memory, knowing the certainty of death and the uncertainty of life, do make and publish this last will and testament, revoking all former wills and testaments by me at any time heretofore made. It is my wish and desire that after my death my body be decently buried. As to what worldly goods or property it has pleased God to enable me to accumulate, I dispose of the same in the manner and form following:

" Item 1. I desire that so soon after my death as convenient, my executor proceed to collect what debts may be owing to me, without unreasonable delay, and as soon as the same shall become due; that out of the first moneys that may

come to his hands belonging to my estate, he pay off my just debts and the expenses of my last illness and burial.

"Item 2. I direct that my farm, lying on Indian creek, and running toward Vevay, supposed to contain about three hundred and forty acres, be divided by running a line from the northern boundary, and running south to the southern boundary, so that the eastern division thereof shall contain forty acres of land less than the western division; that is to say, the eastern division to contain one hundred and fifty acres, and the western division one hundred and ninety acres.

"Item 3. I give and bequeath the eastern division of my said Indian creek farm to my son Henry Tardy, for and during his natural life, and at his death that the same shall revert and descend to the heirs of his body, that is, to his children, whom I desire and direct shall come into and take possession of the same immediately after his death; and I further desire and direct that the wife of my said son Henry Tardy shall in nowise enjoy or occupy said eastern division of my said farm after the death of the said Henry Tardy; reserving, however, the use of the barn and hay-press jointly between my sons Henry Tardy and Eugene Tardy, or their descendants, so long as the said Eugene may desire to use said barn and press; and should the said Eugene build a barn and press on the land adjoining said Henry, then, and in that case, Henry to pay Eugene a reasonable amount for his interest in the barn and press on the land bequeathed to Henry; and should either of them injure or break any part of said hay-press, the one so injuring or breaking shall have the same repaired at his own costs and charges.

"Item 4. I give and bequeath to my son Eugene Tardy the western division of my said Indian creek farm, for and during his natural life, and at his death that the same shall revert and descend to the heirs of his body, that is, to his children; also, the joint use of the barn and hay-press on the eastern division of my said Indian creek farm with his brother Henry, on the terms and conditions mentioned in item 3; and after the death of my said son Eugene, I desire

and direct that his wife, Alice, so long as she remain his widow, may enjoy and occupy the said western division of my said farm jointly with the children of my said son Eugene.

"Item 5. I give and bequeath to the children of my daughter Adelaide Oakley the sum of one thousand two hundred dollars, which said sum I direct my executor to place at interest well secured by mortgage on real estate, until the youngest of said children shall arrive at the age of twenty-one years, and that out of the interest received from said sum of money there be paid annually to my said daughter Adelaide fifty dollars, and that the balance of the yearly interest be placed at interest until the youngest of said children shall have attained the age of twenty-one years, when the said principal and accumulated interest shall be equally divided between the children of my said daughter Adelaide Oakley, share and share alike.

"Item 6. I desire that my executor place at interest the sum of one thousand dollars, well secured by mortgage on real estate, and that he pay the interest on the said one thousand dollars to my son George Tardy during his natural life, and that on the death of my said son George Tardy, my executor divide and pay over to my sons Henry and Eugene Tardy, and to my daughters Adelaide Oakley, Josephine Todd, and Julia Thiebaud, the said one thousand dollars, in equal amounts to each, share and share alike.

"Item 7. I give and bequeath to my daughters Josephine Todd, wife of Henry Todd, and Julia Thiebaud" (now McCormick), "widow of Edward Thiebaud, deceased" (now wife of David McCormick), "the sum of eight thousand dollars each, which they, or either of them, may take in any real estate I may die possessed of not disposed of by this last will and testament, at a fair valuation of the same; or should they, or either of them, decline taking the same, or any part thereof, in real estate, I direct that my executor pay the same to them, or either of them, in cash; and if it shall become necessary to sell real estate to make out the said

sum to my said daughters Josephine and Julia, I direct that my said executor proceed to sell what real estate I may die possessed of, either at public or private sale, on the best terms as in his judgment and discretion will best conduce to the interest of my estate, and out of the proceeds of such sale he pay the said Josephine and Julia a sum sufficient to make up the said eight thousand dollars to each ; and it is my desire and wish, and this bequest is made to my said daughters Josephine and Julia on the express condition and understanding, that they are to enjoy and use the eight thousand dollars bequeathed to each of them during their natural lives, and at their death to revert and descend to the heirs of their body.

"Item 8. I give and bequeath to my daughter Julia Thiebaud" (now McCormick) "all my household and kitchen furniture, except my bed and bedding and wearing apparel.

"Item 9. After paying all the legacies named herein, and the paying of all the expenses of my last illness and burial, if there be any amount remaining, I direct that the same be by my executor equally divided, share and share alike, between my sons Henry, Eugene, and George, and my daughters Adelaide Oakley, Josephine Todd, and Julia Thiebaud" (now McCormick); "the amount that would be for George Tardy to be placed at interest the same as the one thousand dollars mentioned in item 6, and to be disposed of in the same manner; and the amount that would be coming to my daughter Adelaide to be placed at interest and be disposed of for the benefit of her and her children in the manner the one thousand two hundred dollars mentioned in item 5 is to be disposed of.

"Item 10. I hereby constitute and appoint William M. Smith executor of this my last will and testament.

"In witness whereof, I have hereunto set my hand and seal this the 8th day of December, 1869.

"GEORGE TARDY." (seal.)

On the 13th day of January, 1874, appellees brought this action against the appellant, alleging that they are the

devisees named in item 7 of the above will, in which they ask the court to "order and direct the said executor to convey to them such real estate as they, or either of them, may select, by deed in fee simple, and pay over to them such moneys as they, or either of them, may choose to take, to be used and enjoyed by them as they may see proper and right in the premises." To this petition there was filed a general demurrer that it did not state facts sufficient, etc. This demurrer was overruled, and judgment rendered on the demurrer. Was the action of the court right?

The allegations of the complaint, in reference to the election of the appellees, and the refusal of the appellant, are as follows:

" They further allege, that by the terms of the said will they are entitled to a fee simple in any real estate they may choose to take, and the unrestrained use and control of all moneys they or either of them may choose to take as part of the legacy aforesaid; and that the said executor giving to the said will a construction not as they believe warranted by the law, has failed and refused, and still fails and refuses to pay over to them, the moneys now in his hands, and to which they are entitled, or convey to them the portions of said real estate already selected by them, by an absolute and indefeasible title in fee simple, though often requested so to do."

The only error assigned is based upon the overruling of the demurrer to the complaint.

Counsel for appellant assume the following positions:

" There is manifest error in the record, for two reasons, to wit:

" 1. The petition does not allege that the plaintiffs below, or either of them, had elected to take either real property or personalty, or part realty and part personalty. This will gives appellees an election as to how they will take their bequests, and such election must not only be made, but the executor must be notified properly of such election, and must have refused compliance with the same, before an action

of this kind will lie against him. These facts must be pleaded. 2 G. & H. 72, notes *e, f, g*, and cases cited.

"2. Under this will, appellees take only a life estate. There are bequests of eight thousand dollars to each of the two daughters, Josephine and Julia, to be paid in money or real estate, or part money and part real estate, at the option of the taker. Without the election on the part of the taker to have real estate, then it is money. This election is *dehors* the will, and can have no influence in fixing the nature of the gift."

By the seventh clause of the foregoing will, the testator devised to each of his daughters Josephine and Julia eight thousand dollars, with the privilege on the part of each to take the whole in real estate or money, or a part in real estate and a part in money. The devisees are required to make an election. The legacies are not payable in money until the devisees decline to take real estate. No provision is made in the will for the selection, appraisement, and conveyance of such real estate. The title to the undevised real estate vested, upon the death of the testator, in his heirs at law. No title is vested in the executor, nor is any power or authority conferred on him to execute a conveyance to the devisees for the real estate by them or either of them selected. The executor is authorized to sell real estate, if it shall become necessary to do so, to procure money to pay the legacies provided for in the seventh clause of the will; but this would not authorize him to convey real estate selected in pursuance of such clause of said will. The devisees have the right to select from any undevised lands of which the testator died seized and possessed. In the absence of any provision for the appraisement and conveyance of the real estate so selected, we think the better mode would be for the devisees, when they have made a selection of land, to file their petition in the court below, setting forth specifically the lands selected, and praying the court to appoint suitable and competent persons to appraise the lands so selected, and when the appraisement so made shall be

confirmed by the court, it should appoint a commissioner to convey the lands so selected and appraised. When this shall be done, the devisees will be entitled to demand and receive from the executor such sum of money as will make, with the real estate selected, the sum of eight thousand dollars to each of them. It is expressly provided by the said clause of said will, that the money shall be paid to the devisees named. They are entitled to the money, and not to the interest-merely thereof. Nor has the executor the right to require of such devisees, or either of them, a bond conditioned that they will pay such money to the heirs of their bodies.

As the executor is required to pay the legacy to the persons named, he will be discharged from liability when he does so, and is not interested in what shall become of it upon the death of the legatees.

In our opinion, the devisees will hold and possess the lands selected, in fee simple and the money paid to them will belong absolutely to them.

This view is so well settled by the adjudged cases in this court, that we do not feel called upon to do more than cite such cases. See *Sorden* v. *Gatewood*, 1 Ind. 107; *Doe* v. *Jackman*, 5 Ind. 283; *Siceloff* v. *Redman's Adm'r*, 26 Ind. 251; *Prior* v. *Quackenbush*, 29 Ind. 475; *Andrews* v. *Spurlin*, 35 Ind. 262.

It results, from what we have said, that the complaint was bad, and the final judgment erroneous. The whole case proceeded on the theory that it was the duty of the executor to convey the lands selected.

The judgment is reversed, with costs; and the cause is remanded, for further proceedings in accordance with this opinion.