## Bonner *v.* Bonner et al.

[No. 3,914.   Filed January 7, 1902.]

WILLS.—*Rule in Shelley's Case.*—*Quieting Title.*—A devise to testator's daughter for and during her natural life, and to her heirs in fee after her death, and, should the daughter die without leaving any children alive, the real estate to be sold and the proceeds divided between testator's remaining children, is within the rule in Shelley's case, vesting the fee simple title to the real estate devised in the daughter.

From Warren Circuit Court; *J. M. Rabb*, Judge.

Action by Jennie A. Bonner and others against Bonnie Bonner and others to quiet title to real estate. From a judgment for plaintiffs, defendant Bonnie Bonner appeals. *Affirmed.*

*H. D. Billings* and *J. C. Stephens*, for appellant.
*C. V. McAdams* and *F. C. Rabb*, for appellees.

HENLEY, J.—This was an action to quiet title. The complaint avers that appellee Jennie A. Bonner, formerly Jennie A. Van Reed, but now married to her co-appellee Edwin A. Bonner, is the owner of the fee simple title to certain real estate in Warren county, Indiana, describing it; that appellant and the other defendants named in the complaint are claiming some right, title and interest in and to said

land adverse to appellee's title. Proper service was had upon all of the defendants. One Harley D. Billings was appointed guardian *ad litem* for appellant Bonnie Bonner, an infant of the age of six years, and as such guardian *ad litem* he answered the complaint by general denial. The defendant Isaac Judy answered by general denial. All the other defendants were defaulted. The cause was submitted to the court and upon request of the appellee the court made a special finding of facts and stated its conclusions of law thereon. The only question presented by this appeal arises under the assignment of error that the court erred in its conclusions of law stated upon the special finding of facts.

The facts found were substantially and briefly as follows: That on the 11th day of May, 1887, Benjamin Judy was the owner of the fee of the land in controversy, and that on said day he executed his last will and testament, and on the 13th day of October, 1887, the said Benjamin Judy died, and his said will was duly admitted to probate; that said will in so far as the same is controlling here was as follows: "Item 9. I give and bequeath to my daughter Jennie Van Reed, the following lands to wit: The west half of the southeast quarter of section twenty-three, and the east half of the southwest quarter of section twenty-three all in township twenty-two north, range nine west, containing in all 200 acres more or less, lying and being in the county of Warren in the State of Indiana, together with the household and kitchen furniture in the residence on the west half of the southeast quarter of section twenty-three above named, to have and to hold the said real estate for and during her natural life and to her heirs in fee after the death of said Jennie Van Reed, and should the said Jennie Van Reed die, leaving no children alive, then and in that case I direct that the land above described and herein bequeathed to her shall be sold and the proceeds thereof shall be equally divided between my remaining children. In case my grandson Benjamin Bowlus should outlive his mother, Jennie

Van Reed, and inherit from her the fee simple of the above land, the said Benjamin Bowlus shall in no-wise sell, mortgage, or encumber the same until he shall arrive at the age of twenty-seven years. The said Jennie Van Reed shall not in any manner sell, mortgage, or encumber said land for and during the period of twenty years from the date of my death. I also desire the said Jennie Van Reed shall clothe and educate her son Benjamin Bowlus out of the real estate above mentioned." That said Benjamin Judy left surviving him, as his sole and only heirs at law, his widow, Elizabeth Judy, and his children Melville A. Judy, Isaac Judy, William H. Judy, Cynthia A. Burkey, all of whom are made defendants to this action, and Jennie A. Bonner then Jennie Van Reed; that prior to the making of said will, the appellee Jennie Bonner had been married to Charles Bowlus, by whom she had one child, defendant Benjamin Bowlus; that prior to the making of said will, said appellee was also married to one Byron Van Reed, from whom she was divorced; that after the death of said testator, said appellee was married to her co-appellee, Edwin Bonner, who is her present husband, and by whom she has one child, Bonnie Bonner, appellant herein, who is an infant about six years old; that at the time of the execution of said will, and until the death of said testator, appellee Jennie Bonner was unmarried and had no property; that at the time of the execution of said will and until the testator's death, the said Benjamin Bowlus lived with the testator as a member of his family.

The court stated its conclusions of law as follows: "(1) That the plaintiff Jennie A. Bonner is the owner in fee simple of the real estate described in the complaint, and that none of the defendants have any present or contingent interest in the same by virtue of the will of Benjamin Judy, deceased. (2) That the provisions of the ninth item of Benjamin Judy's will, undertaking to limit the plaintiff's power and authority to sell, mortgage, or encumber the real estate

described in the complaint, for the period of twenty years, should be canceled and set aside. (3) That the provisions of item eleven of Benjamin Judy's will, so far as it affects the lands described in plaintiff's complaint as to her power of sale or disposition of the same, is void and of no effect. (4) That the plaintiff's title to the real estate described in the complaint be quieted as against all the defendants in this cause, and that a commissioner shall be appointed to execute to her a deed in fee simple for said real estate."

Counsel for appellant in their able brief, after quoting the item of the will of Benjamin Judy as above set out, say: "It seems to us that in the construction of the above item of said will there are three main questions presented: (1) The character or duration of the estate the testator intended to pass to said appellee Jennie A. Bonner, then Van Reed, whether an estate for life or in fee simple. (2) What meaning the testator ascribed to the term heirs as used in the said ninth item of the will. (3) Whether the language of said ninth item brings the devise within the rule in Shelley's case."

We will dispose of these propositions in their inverse order, because, if the language of the will brings the devise within the rule of Shelley's case, then appellee Jennie A. Bonner took an estate in fee simple in the lands devised, and the judgment of the trial court would have to be affirmed. Every devise coming within the rule in Shelley's case is controlled by it, even though the express purpose and intention of the testator is thereby thwarted. The rule declared in Shelley's case is that "when the ancestor by any gift or conveyance takes an estate of freehold, and in the same gift or conveyance an estate is limited either mediately or immediately to his heirs in fee or in tail, that always in such cases the heirs are words of limitation of the estate, and not words of purchase." Shelley's Case, 1 Coke's R. 94.

In explaining the reason for the rule, the Supreme Court said in *Siceloff* v. *Redman*, 26 Ind. 251: "The word heirs,

or heirs of the body, create a remainder in fee or in tail, and the theory of the rule is, that the law, to prevent an abeyance, vests the remainder in the ancestor, who is the tenant for life, and by a conjunction of the two estates, the estate for life is swallowed up or merged in the remainder, which is executed on the estate for life; and the tenant for life thereby becomes tenant in fee or in tail."

The devise to Jennie Van Reed, now Jennie A. Bonner, was, quoting the exact language of the will, as follows: "To have and to hold said real estate for and during her natural life and to her heirs in fee after the death of said Jennie Van Reed." This language, we think, brings the devise squarely within the rule in Shelley's case, and under the rule, appellee took a fee simple title to the land devised to her. *Siceloff* v. *Redman, supra; Andrews* v. *Spurlin*, 35 Ind. 262; *Shimer* v. *Mann*, 99 Ind. 190, 50 Am. Rep. 82; *Hochstedler* v. *Hochstedler*, 108 Ind. 506; *Allen* v. *Craft*, 109 Ind. 476, 58 Am. Rep. 425; *Taney* v. *Fahnley*, 126 Ind. 88; *Perkins* v. *McConnell*, 136 Ind. 384; *Waters* v. *Lyon*, 141 Ind. 170; *Conger* v. *Lowe*, 124 Ind. 373, 9 L. R. A. 165.

The word "children" has always been held in the courts of this State as a word of purchase and not of limitation. *Sorden* v. *Gatewood*, 1 Ind. 107. And the Supreme Court of this State, in the case of *McIlhinny* v. *McIlhinny*, 137 Ind. 411, 24 L. R. A. 489, 45 Am. St. 186, held that the word "issue" was a word of purchase and not of limitation. There is no exception which would take the case under consideration out of the operation of the rule.

The first conclusion of law, that is, that appellee Jennie A. Bonner is the owner in fee simple of the real estate described in the complaint, being correct, the objection to the other conclusions necessarily fail.

It follows from what we have said that the judgment of the trial court ought to be affirmed. Judgment affirmed.