This is an action to construe the will of Jacob S. DeLawter. Item five of his will reads as *Page 572 
follows: "That the old home farm, being a part of section 33, township 26, range 3 east, and containing 110 acres, be divided equally in value among my son David C. and daughters Samantha A. and Hazel H. DeLawter Horney. That said division be made by my heirs last named choosing two persons, and these two choosing a third person, and these three, upon oath, to make a just and equitable division of said home farm. Each third of said farm to be held by said three last named heirs severally. Each his own one-third during his lifetime and, at their death, to become the property in fee-simple of their respective heirs." Appellant, plaintiff below, who is the son of appellee Samantha, daughter of the testator, by the allegations of his complaint, asserts that, by virtue of the provisions of the above Item five of his grandfather's will, he is the owner in fee-simple of an undivided one-third in value of the home farm, subject to a life estate. Appellees' demurrer to the complaint was sustained. The error assigned presents for our consideration the ruling on the demurrer.
Appellant says: "That by item five of the will of his grandfather, he is given a vested contingent fee title to a one-third part of the real estate of which the testator died seized; that the devise to him was the fee title, subject to a life estate therein by the mother." Appellee contends that the language used by the testator in Item five brings the devise within the rule of Shelley's Case and that the children of the testator named in Item five were vested with the fee.
Without an extended discussion or review of the many authorities cited, we conclude that the trial court did not err in sustaining a demurrer to the complaint; that the language used in Item five brings the devise squarely within the rule in Shelley's Case. Bonner v. Bonner (1902), 28 Ind. App. 147, 62 N.E. 497; McCllen v. Sehker (1919), 70 Ind. App. 435, 123 N.E. 475; Siceloff *Page 573 
v. Redman's Admr. (1886), 26 Ind. 251; McCray v. Lipp
(1871), 35 Ind. 116.
Judgment affirmed.